Berc Agopoglu, Esq. (SBN: 201562)
  berc@agopoglulawfirm.com
Eunyoung Oh, Esq. (SBN: 333833)
  eyoung@agopoglulawfirm.com
**THE AGOPOGLU LAW CORP., PLC**
1901 Avenue of the Stars, Suite 200
Los Angeles, California 90067
(310) 461-1438 Telephone
(310) 461-1450 Facsimile

Attorneys for Petitioner, GURKAN SOYKAN

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| GURKAN SOYKAN<br><br>       Petitioner,<br><br>       vs.<br><br>SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, Kristi Noem; ACTING COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION, Pete R. Flores; ATTORNEY GENERAL OF THE U.S., Pam Bondi; DIRECTOR OF THE U.S. CITIZENSHIP AND IMMIGRATION SERVICES, Andrew J. Davidson; WARDEN OF ADELANTO ICE PROCESSING CENTER, James Janecka<br><br>       Defendants. | Case No.:<br><br>PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241 |

## I.    INTRODUCTION

Petitioner, Gurkan Soykan, respectfully petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his ongoing civil immigration detention by U.S. Immigration and Customs Enforcement (ICE) at the Adelanto ICE

1    Processing Center. Petitioner has been detained since September 8, 2024. His prolonged and

2    indefinite detention violates his Fifth Amendment rights to due process and a meaningful bond

3    determination under governing federal law. His bond was denied by the Immigration Judge

4    without permitting direct or cross-examination, and without any inquiry into Petitioner's

5    background, character, rehabilitation, or intentions—elements that are central to determining

6    whether a noncitizen poses a danger or flight risk.

7         Petitioner lawfully entered the United States on December 25, 2007, on an F-1 student

8    visa and has lived continuously in the United States for over seventeen years. He holds dual

9    master's degrees from the University of California, Santa Barbara, and has no history of

10   violence or aggravated felony convictions. Petitioner was accepted into Orange County's DUI

11   Court program as part of a rehabilitative sentencing structure following a series of nonviolent

12   DUI offenses. Under the terms of his sentence, he was to first serve 45 days in jail and then

13   begin an intensive, court-supervised treatment protocol that included daily alcohol screenings,

14   educational programming, and substance abuse counseling. However, while he was in Santa

15   Ana Jail serving the initial term imposed by the court, ICE intervened and placed him into

16   immigration custody, thereby preempting his lawful participation in DUI Court and initiating

17   removal proceedings.

18        On March 5, 2025, Petitioner requested a Rodriguez bond hearing under the framework

19   established in Rodriguez v. Robbins, 804 F.3d 1060 (9th Cir. 2015), as modified by the U.S.

20   Supreme Court in Jennings v. Rodriguez, 138 S. Ct. 830 (2018). Exhibit A.  At the hearing,

21   DHS submitted only a copy of Petitioner's conviction documents, which are attached as

22   Exhibit B. The IJ's decision denying bond, based solely on the number of DUI convictions and

23   devoid of any individualized inquiry, is attached as Exhibit C.  The hearing was conducted on

24   March 19, 2025, before Immigration Judge Bryan De Powell at the Adelanto Immigration

25   Court. Despite the length of Petitioner's detention—over six months at the time of the

26   hearing—and the requirement that the Immigration Judge conduct a meaningful,

27   individualized inquiry into whether continued detention is justified, the hearing fell far short of

28   constitutional and statutory standards.

Despite submitting extensive evidence at his bond hearing—including proof of his rehabilitation, acceptance into the DUI Court program with the District Attorney's express approval, and his community support—the Immigration Judge denied bond without developing any factual record through direct or cross-examination and without making any inquiry into Petitioner's intentions, personal circumstances, or likelihood of compliance with court obligations. Instead, the Judge summarily denied bond based solely on the number of

DUI convictions, without any individualized assessment. This decision was fundamentally deficient under both constitutional and statutory standards. Petitioner also has a pending and meritorious application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), based on his well-documented fear of persecution by Turkish authorities due to his political opinion, imputed opinion, and membership in a particular social group. His detention under these circumstances, in the absence of a meaningful bond hearing and in the face of a strong claim for humanitarian relief, is unlawful and violates his due process rights under the Fifth Amendment.

## II. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 2241 because Petitioner is in custody under federal immigration authority and challenges the legality and constitutionality of that custody. This Court may grant relief under Article I, Section 9, Clause 2 of the U.S. Constitution (Suspension Clause) and the Fifth Amendment's Due Process Clause. Venue is proper in the Central District of California, Eastern Division, because Petitioner is detained at Adelanto ICE Processing Center, located in San Bernardino County, which lies within the jurisdiction of this Court.

## III. STATEMENT OF THE CASE

Petitioner has no violent criminal history. His most recent conviction—a felony DUI—was classified as such solely due to prior DUIs and was not aggravated by injury, recklessness, or any violence. The Superior Court of California, County of Orange, in conjunction with the District Attorney's Office, admitted Petitioner into its DUI Court program, a structured rehabilitative alternative to traditional sentencing. This program is reserved for individuals

1   assessed as low risk and highly responsive to treatment. It includes regular judicial reviews,
2   daily sobriety checks, counseling, and compliance monitoring.

3        Petitioner was scheduled to begin the post-custodial phase of the DUI Court program
4   upon completing the initial 45-day jail sentence imposed as a condition of his participation.
5   However, while he was still serving that term at the Santa Ana Jail, ICE placed a detainer on
6   him and took him into immigration custody on September 8, 2024. This premature transfer
7   obstructed the terms of his state rehabilitation and probation, and ICE commenced removal
8   proceedings based on overstaying his visa.

9        On December 2, 2024, the Immigration Judge in Adelanto held a bond hearing. The
10  Court admitted the documentary exhibits but did not allow direct or cross-examination of
11  Petitioner. No factual record was developed regarding his background, rehabilitation,
12  character, or the strict conditions of DUI Court participation. The Immigration Judge made no
13  inquiries into the details of Petitioner's life, the support available to him if released, or his
14  intentions. The Judge's sole basis for denying bond was the fact of Petitioner's four DUI
15  convictions, without acknowledging that Petitioner had been deemed rehabilitative and non-
16  dangerous by the Orange County District Attorney's Office—the very office responsible for
17  prosecuting his DUI cases.

18       The Immigration Judge's ruling ignored the individualized assessment required under
19  Matter of Siniauskas, 27 I&N Dec. 207 (BIA 2018), and the due process standards set by the
20  Ninth Circuit in Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011). The Judge failed to consider
21  alternative supervision, such as electronic monitoring, and placed no weight on Petitioner's
22  compliance with prior court proceedings or the fact that he has a pending, credible asylum
23  claim.

### IV. STATEMENT OF FACTS

25       Petitioner entered the United States legally on December 25, 2007, on an F-1 student
26  visa and has remained in the country for over 17 years. He holds two master's degrees from
27  the University of California, Santa Barbara, and has no convictions for violent or aggravated
28  crimes. His criminal history consists of four DUI convictions and a 2013 misdemeanor for

joyriding under Cal. Veh. Code § 10851(a). His most recent DUI conviction was classified as a felony solely due to recidivism and not because of any injury or aggravating circumstances. Petitioner was admitted into the DUI Court program by the Orange County Superior Court with the full approval of the District Attorney's Office. He was serving his 45-day custodial term at Santa Ana Jail as part of this program when ICE initiated removal proceedings and took him into custody on September 8, 2024.

On March 5, 2025, Petitioner filed a Rodriguez bond hearing request (Exhibit A). At the March 19, 2025 hearing, DHS submitted conviction documents as its sole evidence (Exhibit B). The Immigration Judge's order denying bond (Exhibit C) made no reference to Petitioner's rehabilitation, community support, character, or his pending asylum claim. Petitioner was not allowed to testify or undergo direct or cross-examination. The IJ's decision failed to meet the standards set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), which requires individualized assessment.

Petitioner has a pending application for asylum, withholding of removal, and protection under the Convention Against Torture. His claim is based on his political activism and affiliation with Turkey's Cumhuriyet Halk Partisi (CHP), his outspoken criticism of the Erdogan regime, and a well-documented history of persecution and torture by Turkish authorities against dissidents.

## V. COMPLAINT

### COUNT ONE

**Violation Of The Due Process Clause Of The Fifth Amendment To The U.S. Constitution For Detention Exceeding Sixth Months**

**A. The Immigration Judge Violated Petitioner's Fifth Amendment Due Process Rights by Failing to Provide a Meaningful Bond Hearing**

The Immigration Judge's refusal to permit direct and cross-examination, allow Petitioner to testify, or conduct any inquiry into his background, character, rehabilitation, or intentions deprived Petitioner of the most basic procedural protections required under the Fifth Amendment. In *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), the Ninth Circuit held that due

1    process in immigration bond proceedings includes the opportunity to be heard, present

2    evidence, and cross-examine witnesses. The court further emphasized that bond hearings must

3    be individualized and fair, not perfunctory formalities.

4        The IJ here did not ask a single question about Petitioner's intentions upon release, the

5    nature of his recovery, or his understanding of court obligations. Instead, the decision relied

6    solely on the fact of multiple DUI convictions. The absence of a substantive record, including

7    no exploration of Petitioner's suitability for release or the stringent conditions of his DUI Court

8    enrollment, renders the hearing constitutionally inadequate.

9        Further, the IJ's failure to recognize the significance of Petitioner's accepted placement

10   in DUI Court—a court-supervised rehabilitative alternative to incarceration, backed by the

11   District Attorney's Office—demonstrates a troubling disregard for the rehabilitative judgment

12   of the criminal legal system. Due process demands more than a numeric count of past

13   convictions; it requires a qualitative assessment of whether the petitioner currently poses a

14   danger or flight risk.

15       **B. Petitioner's Detention Has Become Unconstitutionally Prolonged**

16       Petitioner's detention has now exceeded seven months, a duration that courts have

17   routinely found constitutionally impermissible without meaningful procedural protections. The

18   United States Constitution, under the Due Process Clause of the Fifth Amendment, prohibits

19   arbitrary or indefinite detention absent an adequate showing by the government that continued

20   detention is necessary. Courts within the Ninth Circuit and across the country have uniformly

21   concluded that prolonged immigration detention without adequate procedural protections—

22   including a meaningful bond hearing—is unconstitutional.

23       In *Diouf v. Napolitano*, 634 F.3d 1081, 1086–91 (9th Cir. 2011), the court held that

24   noncitizens detained under 8 U.S.C. § 1231(a)(6) for longer than six months must receive a

25   bond hearing where the government bears the burden of proving by clear and convincing

26   evidence that continued detention is justified. While *Jennings v. Rodriguez*, 138 S. Ct. 830

27   (2018), limited the statutory basis for automatic bond hearings, it did not disturb the

28

1    constitutional principles articulated in *Diouf*, nor did it overrule the Ninth Circuit's due
2    process analysis.

3    Moreover, in *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017), the court
4    reaffirmed that the government must demonstrate by clear and convincing evidence that an
5    individual poses a flight risk or danger to justify continued detention. This includes the
6    requirement of an individualized assessment, consideration of less restrictive alternatives to
7    detention, and an evaluation of the noncitizen's ties to the community, rehabilitation, and
8    incentives to appear for future proceedings.

9    Petitioner has received none of these protections. The March 19, 2025 hearing did not
10   involve any testimony by Petitioner, no direct or cross-examination, and no individualized
11   inquiry into the factors courts have deemed essential to a valid due process determination. The
12   Immigration Judge failed to consider any alternatives to detention and improperly placed the
13   burden on Petitioner to justify release, which directly contradicts the framework required by
14   *Hernandez* and *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).

15   Other courts across the country have agreed that even shorter periods of detention
16   without meaningful review can violate due process. In *Gutierrez Cupido v. Barr*, No. 19-CV-
17   6367-FPG, 2019 WL 4861018 (W.D.N.Y. Oct. 2, 2019), the court granted habeas relief for a
18   petitioner detained for 16 months. Similarly, in *Jamal v. Whitaker*, 358 F. Supp. 3d 853, 859
19   (D. Colo. 2019), a 19-month detention was found to be a "very long time," warranting judicial
20   intervention. In *Doe v. Beth*, No. 18-C-1672, 2019 WL 1923867 (E.D. Wis. Apr. 30, 2019), a
21   court granted habeas relief after 2.5 years of detention. These cases demonstrate that time
22   alone, when coupled with procedural deficiencies, can make civil immigration detention
23   unconstitutional.

24   Furthermore, the government's interest in detaining Petitioner is not compelling.
25   Petitioner has no history of violence, has strong ties to the community, a U.S. citizen sponsor,
26   and a pending application for asylum, withholding of removal, and CAT protection. The
27   government has offered no evidence that Petitioner presents a danger or is likely to abscond. In
28   *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), the Supreme Court made clear that "detention

1   must bear a reasonable relation to the purpose for which the individual was committed."
2   Where, as here, there is no valid justification for continued detention, release is required.
3   Even if Petitioner were subject to mandatory detention under 8 U.S.C. § 1226(c), which he is
4   not, his prolonged detention would still require judicial oversight. In *Chavez-Alvarez v.*
5   *Warden York Cnty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015), the Third Circuit held that
6   detention becomes constitutionally unreasonable after the six-month mark. Similarly, in *Ly v.*
7   *Hansen*, 351 F.3d 263 (6th Cir. 2003), the Sixth Circuit ruled that the length of detention must
8   be weighed against the likelihood of removal and the justification for continued custody.
9   Finally, there has been no indication that Petitioner's removal is imminent. In fact, his asylum
10  claim, supported by substantial evidence including expert reports and State Department
11  documentation, is ongoing. Thus, Petitioner's detention has shifted from a brief, temporary
12  custodial period to an unreasonably prolonged confinement lacking any legitimate penological
13  or immigration purpose. This is exactly the type of arbitrary government restraint the Due
14  Process Clause forbids. Petitioner is entitled to release or, at minimum, a constitutionally
15  compliant bond hearing.

16      **C. Petitioner's Rehabilitation and DUI Court Placement Were Wrongfully**
17  **Ignored**

18      The record is replete with evidence of Petitioner's commitment to rehabilitation.
19  Petitioner was not only sentenced to participate in DUI Court but was accepted and approved
20  for that program by the Orange County District Attorney. The DUI Court is a structured, court-
21  supervised recovery model that includes daily alcohol screening, case management,
22  counseling, and accountability. It is specifically designed for individuals whom the justice
23  system determines are worthy of an opportunity to recover rather than simply be punished.

24      The Immigration Judge failed to consider this entirely. The Supreme Court and the BIA
25  have emphasized the significance of rehabilitation in determining risk. In *Matter of Andrade*,
26  19 I&N Dec. 488 (BIA 1987), the Board recognized that rehabilitation efforts are relevant in
27  assessing whether a respondent is a danger to the community. In *Singh v. Holder*, the Ninth
28  Circuit explicitly noted that such efforts can mitigate concerns about public safety. Here, the IJ

1    ignored compelling proof of progress, probation compliance, and a structure of accountability
2    through DUI Court, undermining the legitimacy of the bond denial.

3                                             **COUNT TWO**

4    **Violation Of Fifth Amendment Procedural Due Process As Applied To Individuals With**
5                              **Viable Legal Defenses To Removal**

6            Petitioner's claim for protection is not speculative. It is grounded in his political
7    affiliations and public record of dissent. He is a known supporter of Turkey's CHP, a secular
8    opposition party that has long been at odds with President Recep Tayyip Erdoğan's
9    administration. Most recently, in March 2025, Erdoğan's government imprisoned Istanbul
10   Mayor Ekrem İmamoğlu, a leading CHP figure and one of the most prominent challengers to
11   Erdoğan's authoritarian regime. First, the government revoked İmamoğlu's university diploma
12   without legal justification—a symbolic and strategic move to discredit his legitimacy. Shortly
13   thereafter, Erdoğan's loyal judiciary imprisoned İmamoğlu on sudden and unsubstantiated
14   fraud charges, widely understood to be politically motivated retaliation aimed at neutralizing
15   him as a political rival in the upcoming elections.

16           The timing and method of İmamoğlu's imprisonment have drawn global condemnation,
17   including from international human rights organizations, foreign governments, and legal
18   scholars, who view it as further evidence that dissenters in Turkey—regardless of their
19   stature—are no longer safe under President Erdoğan's rule. Human Rights Watch described
20   the arrest as a "massive escalation in ongoing crackdown," highlighting the government's
21   increasing authoritarianism. The European Parliament and the Council of Europe also
22   expressed serious concerns, emphasizing that such actions undermine democratic principles
23   and the rule of law. If an elected mayor with nationwide popularity can be arbitrarily stripped
24   of credentials and jailed, then individuals like Petitioner, with fewer public platforms but
25   similarly critical views, face even greater danger.Multiple human rights organizations and the
26   U.S. State Department have reported that Turkey continues to imprison journalists, academics,
27   and private citizens for speech critical of the government. Amnesty International and Human
28   Rights Watch have documented a systemic crackdown on political expression, including

PETITION FOR WRIT OF HABEAS CORPUS                    PURSUANT TO 28 U.S.C. §2241

allegations of torture, prolonged solitary confinement, and incommunicado detention of detainees affiliated with opposition movements.

Petitioner has expressed criticism of Erdoğan's government through social media, written articles, and public protest. His credible fear of arrest, torture, and persecution upon removal is supported by these high-profile government actions against CHP members. Under *Matter of Mogharrabi*, 19 I&N Dec. 439 (BIA 1987), Petitioner has shown a reasonable possibility of persecution on a protected ground. His removal to Turkey under the current regime would place him at significant and individualized risk of serious harm.

## COUNT THREE

### Detention in Violation of the Due Process Clause

Petitioner presented a comprehensive sponsorship plan supported by a U.S. citizen with longstanding ties to the community. Patrick Michael Visperas Hidalgo provided a sworn declaration offering housing, financial support, and supervision. Courts routinely hold that such alternatives to detention must be considered before denying bond.

The Ninth Circuit in *Gonzalez v. ICE*, 975 F.3d 788 (9th Cir. 2020), recognized that the government cannot continue to detain individuals without serious inquiry into whether less restrictive means could suffice. The Immigration Judge did not evaluate the availability of supervision, electronic monitoring, or any other alternative. This failure alone is grounds for habeas relief.

## VI. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

1. Issue a writ of habeas corpus directing Respondents to immediately release Petitioner from ICE custody under appropriate conditions of supervision; or

2. In the alternative, remand to the Immigration Court with directions to hold a constitutionally adequate bond hearing within 7 days, at which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a danger or flight risk, and at which Petitioner is afforded the right to testify, call witnesses, and present evidence;

3.  Grant such other and further relief as the Court deems just and proper.

DATED: April 10, 2025          **THE AGOPOGLU LAW CORP, PLC**

_____

BERC AGOPOGLU, ESQ.
Attorney for Petitioner
GURKAN SOYKAN

PETITION FOR WRIT OF HABEAS CORPUS                    PURSUANT TO 28 U.S.C. §2241

# EXHIBIT A

BERC AGOPOGLU, ESQ.  SBN: 201562                    **DETAINED**
**THE AGOPOGLU LAW CORP., PLC**
1901 AVENUE OF THE STARS, SUITE 200
LOS ANGELES, CALIFORNIA 90067-2700
PHONE: (310) 461-1438
FAX:  (310) 461-1450


# UNITED STATES DEPARTMENT OF HOMELAND SECURITY

## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

## IMMIGRATION COURT

## ADELANTO, CALIFORNIA


IN THE MATTER OF:                    )        RESPONDENT'S REQUEST FOR
                                     )        RODRIGUEZ BOND HEARING
SOYKAN, Gurkan                       )
Alien No.: 205-718-883               )
                                     )
                                     )
                                     )
                                     )
                                     )


### *I. INTRODUCTION*

Pursuant to *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015), as modified

by *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), and recent case law

developments, Respondent, Gurkan Soykan, respectfully moves for a Rodriguez bond

hearing as he has now been detained for over six months under 8 U.S.C. § 1226(a).

Since his detention has become prolonged, the burden now shifts to the

Department of Homeland Security (DHS) to prove by clear and convincing evidence that

Respondent poses a danger to the community or is a flight risk (*Singh v. Holder*, 638 F.3d

RESPONDENT'S REQUEST FOR RODRIGUEZ BOND HEARING

EOIR 5 of 38

Exh. 1 – Adm.

1196, 1205 (9th Cir. 2011)). DHS must establish through actual, individualized evidence that Respondent's continued detention is justified.

Given Respondent's strong community ties, lack of any violent or aggravated felony convictions, pending asylum claim, and demonstrated rehabilitation efforts, continued detention violates due process and is unnecessary *under Rodriguez* and related case law.

Respondent respectfully requests that this Honorable Court grant release on reasonable conditions or set a fair bond amount to allow him to continue rehabilitation and defend against removal to Turkey, where he faces a well-founded fear of persecution.

## *II. PROCEDURAL HISTORY*

1.    Initial Bond Denial

- Respondent previously requested bond, but Immigration Judge Curtis White denied the request on December 2, 2024, holding that he failed to establish that he is not a danger to the community.

- This decision was made under the legal framework of *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006), which incorrectly placed the burden of proof on Respondent rather than the government.

2.    Rodriguez Standard Now Governs

- *Rodriguez v. Robbins* requires that DHS—not the Respondent—must now prove by clear and convincing evidence that Respondent is a danger or a flight risk.

EOIR 6 of 38

Exh. 1 - Adm.

- The Ninth Circuit has repeatedly ruled that individuals detained for prolonged periods are entitled to a bond hearing where the government bears the burden (*Singh v. Holder*, 638 F.3d at 1205).

- In *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021), the court reaffirmed that indefinite detention without individualized review is constitutionally suspect under due process principles.

### III. RESPONDENT IS NOT A DANGER TO THE COMMUNITY

A. Respondent's Convictions Do Not Involve Violence or Moral Turpitude

Respondent's criminal history does not include violent crimes, crimes involving moral turpitude (CIMTs), or aggravated felonies. His convictions are exclusively for DUIs.

1.   DUI Convictions Do Not Establish Dangerousness Under Immigration Law

- The Supreme Court in *Leocal v. Ashcroft*, 543 U.S. 1 (2004), held that DUI offenses without intent to harm do not constitute crimes of violence under INA § 101(a)(43)(F).

- The Board of Immigration Appeals (BIA) has ruled that a single DUI does not inherently make someone a danger to the community (*Matter of Siniauskas*, 27 I&N Dec. 207 (BIA 2018)).

- Courts have consistently distinguished nonviolent offenses like DUIs from crimes involving moral depravity or ongoing dangerous conduct (*Matter of Torres-Varela*, 23 I&N Dec. 78 (BIA 2001)).

2.   DUI Felony Conviction Does Not Automatically Warrant Detention

RESPONDENT'S REQUEST FOR RODRIGUEZ BOND HEARING

- Respondent's fourth DUI conviction was classified as a felony based on statutory enhancements, not based on actual harm to others.

- The Ninth Circuit has ruled that nonviolent DUIs do not automatically disqualify individuals from bond eligibility (*Montes-Lopez v. Holder*, 694 F.3d 1085 (9th Cir. 2012)).

3.    Rehabilitation Efforts and Court Supervision Mitigate Any Risk

- Respondent has actively participated in rehabilitation, including completion of a Multiple Offender Alcohol Treatment Program, Alcoholics Anonymous (AA) meetings, and probation compliance. Recognizing his potential for rehabilitation, the sentencing court emphasized treatment over punishment. The Orange County Superior Court in Westminster, California, mandated his participation in intensive rehabilitation programs, reflecting confidence in his ability to reform. Prior to his detention by ICE, Mr. Soykan voluntarily engaged in treatment and counseling sessions, demonstrating a proactive approach to addressing his addiction. Letters from his therapists and support group leaders attest to his commitment and progress.

- In *Matter of Andrade*, 19 I&N Dec. 488 (BIA 1987), the BIA emphasized that rehabilitation potential is a significant factor in bond determinations.

### IV. RESPONDENT IS NOT A FLIGHT RISK

1.    Strong Community Ties and U.S. Residency

- Respondent has lived in the United States for over 17 years, entering on December 25, 2007, with a valid F-1 visa.

4

RESPONDENT'S REQUEST FOR RODRIGUEZ BOND HEARING

- He has a U.S. citizen sponsor, Patrick Michael Visperas Hidalgo, who has offered financial and housing support.

2.    Pending Asylum Claim – Strong Incentive to Appear

- Respondent has a pending asylum application under I-589, which gives him a strong legal incentive to attend all hearings.

- Courts have ruled that asylum applicants have compelling reasons to comply with court orders (*Matter of Mogharrabi*, 19 I&N Dec. 439 (BIA 1987)).

3.    No History of Failure to Appear

- Respondent has never failed to appear for any criminal or immigration proceedings.

- If released, he will remain under probation supervision, ensuring continued compliance.

### *V. CONTINUED DETENTION VIOLATES DUE PROCESS*

1.    Due Process Requires a Meaningful Bond Hearing

- *Rodriguez* held that prolonged immigration detention without individualized review violates due process.

- The Ninth Circuit has ruled that six months of detention is the threshold for requiring DHS to prove dangerousness or flight risk (*Singh v. Holder*, 638 F.3d at 1205).

2.    DHS Bears the Burden of Proof

5
RESPONDENT'S REQUEST FOR RODRIGUEZ BOND HEARING

- The government must provide specific, compelling evidence of

   dangerousness, rather than relying on prior convictions alone (*Hernandez v.*

   *Sessions*, 872 F.3d 976 (9th Cir. 2017)).

## VI. REQUEST FOR RELIEF

For the foregoing reasons, Respondent respectfully requests that this Court:

1.   Conduct a Rodriguez Bond Hearing, placing the burden on DHS.

2.   Order Respondent's Release on recognizance or reasonable bond.

3.   Set a Fair Bond Amount, considering his rehabilitation, lack of violence,

   and pending asylum case.

4.   Consider Alternatives to Detention, such as supervised release or ankle

   monitoring.


Respectfully submitted,

s/Berc Agopoglu

Berc Agopoglu, Esq.
Attorney for Respondent, Gurkan Soykan
Agopoglu Law Corp, PLC
1901 Avenue of the Stars, Ste. 200
Los Angeles, CA 90067
Phone: (310) 461-1438
Email: berc@agopoglulawfirm.com
Date: March 5, 2025

RESPONDENT'S REQUEST FOR RODRIGUEZ BOND HEARING

EOIR 10 of 38

Exh. 1 - Adm.

SOYKAN, Gurkan
Alien No.: 205-718-883

## CERTIFICATE OF SERVICE

I electronically filed this document entitled as RESPONDENT'S REQUEST FOR

RODRIGUEZ BOND HEARING and EOIR-28  and no service is needed as the

opposing party is participating in ECAS.

Dated this 5th day of March, 2025

s/Berc Agopoglu

_____
Berc Agopoglu, Esq.
THE AGOPOGLU LAW CORP.,
PLC

EOIR 11 of 38

Exh. 1 - Adm.

Uploaded by Jane Doe on 08/27/2019 Electronically Filed (RAP File) Date: 04/10/25

# EXHIBIT A

Exh. 1 - Adm.

11/14/24, 7:10 AM | Case Summary (Traffic/Minor Offense) Base Case - Document 1 | Filed 04/10/25 | Page 21 of 64 | Page ID #:21

Uploaded on: 03/06/2025 at 12:00:15:120 (Pacific Standard Time) | Case 8:25-cv-00357-DSF-MRW | https://visionpublic.occourts.org/PrintCase.do

# Case Summary

| | |
|---|---|
| **Case Number:** | 24WF2063 |
| **OC Pay Number:** | 11683185 |
| **Originating Court:** | West |
| **Pay or Appear by:** | |
| **Traffic School Completion Date:** | |
| **Next Payment Date:** | 2024-09-06 |
| **Defendant:** | Soykan, Gurkan |
| **Demographics:** | |

| | | |
|---|---|---|
| | Eyes: | Brown |
| | Hair: | |
| | Height(ft/in) : | 6'0" |
| | Weight (lbs): | 220 |

**Names:**

| Last Name | First Name | Middle Name | Type |
|---|---|---|---|
| Soykan | Gurkan | | Real Name |

**Case Status:**

| | |
|---|---|
| Status: | Warrant |
| Case Stage: | |
| Release Status: | Fugitive |
| Warrant: | |
| DMV Hold : | N |
| Charging Document: | Complaint |
| Mandatory Appearance: | Y |
| Owner's Resp: | N |
| Amendment #: | 0 |

**Counts:**

| Seq | S/A | Violation Date | Section | Statute | OL | Violation | Plea | Plea Date | Disposition | Disposition Date |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0 | 03/02/2023 | 23152(a) VC | | F | Driving under the influence of alcohol | GUILTY | 09/06/2024 | Pled Guilty | 09/06/2024 |
| 2 | 0 | 03/02/2023 | 23152(b) VC | | F | Drive while blood alcohol level is 0.08% or more | GUILTY | 09/06/2024 | Pled Guilty | 09/06/2024 |
| 3 | 0 | 03/02/2023 | 14601.5(a) VC | | M | Driving on suspended or revoked license, chemical test refusal | | | Dismissed | 09/06/2024 |

**Participants:**

| Role | Badge | Agency | Name | Vacation Start | Vacation End |
|---|---|---|---|---|---|
| District Attorney | | OCDA | Shute, Patricia | | |
| District Attorney | | OCDA | Vohnout, Michelle | | |
| Retained Attorney | | RETAT | Agopoglu, Berc | | |
| Public Defender | | OCPD | Jimenez, Bianca A | | |

**Heard Hearings:**

| Date | Hearing Type - Reason | Courtroom | Hearing Status | Special Hearing | Result |
|---|---|---|---|---|---|
| 07/26/2024 | Arraignment - | W16 | Heard | General Time Waiver | |
| 07/26/2024 | Arraignment - | W16 | Heard | Waives arraignment today | |
| 07/26/2024 | Arraignment - | W16 | Heard | Waives arraignment today | |
| 08/23/2024 | Arraignment DUI Court Eligibility Hearing | W16 | Heard | General Time Waiver | |
| 08/23/2024 | Arraignment DUI Court Eligibility Hearing | W16 | Heard | Waives arraignment today | |
| 08/23/2024 | Arraignment DUI Court Eligibility Hearing | W16 | Heard | Waives arraignment today | |
| 09/06/2024 | Arraignment DUI Court Program Plea | W16 | Heard | | |
| 09/20/2024 | Hearing Firearms Relinquishment | W16 | Heard | | |
| 09/20/2024 | Hearing DUI Court Progress Review | W16 | Heard | | |

**Sentences:**

| Seq # | Sentence Date | Sentence | Due Date |
|---|---|---|---|
| 1 | 09/06/2024 | Sentenced stayed | |
| 3 | 09/06/2024 | 2 years Jail | |
| 4 | 09/06/2024 | 3 years Probation | |
| 5 | 09/06/2024 | DUI Court Program | |

Exh. 1 – Adm.

| | | | |
|---|---|---|---|
| 6 | 09/06/2024 | 90 days Jail |
| 7 | 09/06/2024 | 90 days Jail |
| 8 | 09/06/2024 | 4 days Jail in lieu of fine |
| 9 | 09/06/2024 | 1 years License Suspension |
| 10 | 09/06/2024 | Victim Impact Counseling |
| 11 | 09/06/2024 | 18 months Multiple Offender Alcohol Program |

**State Institutions:**

Agency:      OCJ
Remand:     Forthwith

| Count | S/A | Prior | Section Statute | OL | Term Level | Term Imposed | Stay | Parole | Conc/Cons | Case Count |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0 | 0 | 23152(a) VC | Felony | Middle | 2 years | N | | | 0 |

**Probation:**

| Sent Seq # | Type | Term | End Date |
|---|---|---|---|
| 4 | FORMAL | 3 years | 09/05/2027 |

**History:**

| Status | Status Date | End Date |
|---|---|---|
| Active | 09/06/2024 | 09/05/2027 |

11/14/24, 1:47 PM  Professional Email_ Contact with client needed Printout

**Yesenia Torres Romero <yesenia.torresromero@prob.ocgov.com>**                              9/10/2024 10:27 AM

## Contact with client needed

To berc@agopoglulawfirm.com   Copy Patricia Shute <patricia.shute@ocdapa.org> • Lydia Carrillo <lydia.carrillo@ocdapa.org> • Michelle Vohnout <michelle.vohnout@ocdapa.org> • Michelle Salazar <msalazar@occourts.org> • Mateusz Ploszynski <mploszynski@ochca.com>

---

Counsel,

On Friday 9/6/24, in court, Gurkan Soykan was instructed to contact probation upon release and to report to probation on Monday 9/9/24. OCSD records show he was released from custody on Sunday 9/8/24, and to date, he has not contacted/reported to probation as instructed. Last known telephone number appears to be out of service (805-722-6951) and last reported address is a Motel 6 in Westminster.  Furthermore, he has not contacted the Health Care Agency either.

Can you provide any updates on your client to assist in contacting/locating him?

Thank you,

Yesenia Torres Romero
Deputy Probation Officer
Adult DUI Court
Office: 714-896-7885
Fax: 714-558-3662
Yesenia.TorresRomero@prob.ocgov.com

Exh. 1 - Adm.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
ADVISEMENT AND WAIVER OF RIGHTS FOR A FELONY GUILTY PLEA

CASE NO. 24WF2063          PEOPLE vs.   GURKAN SOYKAN

| For Court Use Only |
| --- |

1. _____ My true full name is _____
   I am represented by _____

2. _____ I understand that I am pleading guilty, and admitting the following offenses, special punishment allegations, and prior convictions, carrying the possible penalties as follows:

| Ct. | Charge | Sentencing Range | Enhancements | Yrs. | Term for Priors | Yrs. | Total Penalty Years |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 1 | 23152(a) VC w/3 priors | 16 - 2 - 3 | | | (1) 22WM12169-<br>DOV 6/4/22; DOC 7/25/24 | | 3 |
| 2 | 23152(b) VC w/3 priors | <654> | | | (2) 23WM01793<br>DOV -2/4/23; DOC 7/25/24 | | <654> |
| 3 | 14601.5 (a) VC | | | | (3) 23WM03119-<br>DOV- 10/23/22; DOC 7/25/24 | | <654> |
| | | | | | | | |

Maximum Total Punishment | 3 years 1170(h)

☐ Additional pleading page(s) attached

3.  ☒  On People's motion, remaining count(s), enhancement(s) and/or prior(s) are dismissed.

4.  _____ In addition to time in custody, I understand the court may also order me to pay a fine as follows:  up to $10,000 for most felonies (Penal Code 672); up to $20,000 for selected drug offenses (Health and Safety Code 11372); up to $50,000 for selected drug offenses (Health and Safety Code 11352.5); or other:

5.  _____ I understand it is absolutely necessary that all plea agreements, promises of a particular sentence, and sentence recommendations be completely disclosed to the court on this form.

6.  _____ **Right to an Attorney**:  I understand I have the right to be represented by an attorney at all stages of the proceedings until my case is completed.  If I cannot afford an attorney, one will be appointed for me free of charge.

7.  _____ **Right to a Preliminary Hearing**:  I understand I have the right to a preliminary hearing at which a judicial officer will determine if there is sufficient evidence to justify setting my case for trial.  At this hearing, I have the right to be represented by an attorney as described in paragraph 6 above, the right to confront and cross-examine witnesses against me, the right to present evidence on my behalf, and the right to remain silent and not testify; but I may testify if I want to.  I waive and give up my right to a preliminary hearing.

8.  _____ **Jury Trial Rights**:  I understand I have the right to a speedy and public trial by a jury.  I waive and give up these rights.

9.  _____ **Right to Confront and Cross-Examine Witnesses**:  I understand I have the right to confront the witnesses against me and to cross-examine them myself or have my attorney cross-examine them.  I waive and give up these rights.

10.  _____ **Right to testify or remain silent**:  I understand I have the right to testify on my behalf.  I also understand I have the right to remain silent, and I cannot be compelled to testify against my will.  I waive and give up these rights.

11.  _____ **Right to present evidence**:  I understand I have the right to present evidence and to call witnesses to testify on my behalf.  I further understand I have the right to invoke the compulsory process of the court to subpoena evidence and witnesses at no cost to me.  I waive and give up these rights.

12.  _____ **Immigration consequences**:  I understand if I am not a citizen of the United States, conviction or sentence for the offense(s) charged may have the consequence of deportation, exclusion from admission to the United States, and denial of naturalization pursuant to the laws of the United States.

Exh. 1 - Adm.

CASE NO. __24WF2063_____ PEOPLE vs. ____GURKAN SOYKAN_____

13. _____ **Fourth Amendment Waiver:** I understand under the Fourth and Fourteenth Amendments to the United States Constitution, I have a right to be free from unreasonable searches and seizures. I waive and give up this right, and further agree that for the period during which I am on probation or mandatory supervision I will submit my person and property, including any residence, premises, container or vehicle under my control which may include electronic devices, to search and seizure at any time of the day or night by any law enforcement officer, probation officer, post-release community supervision officer, or parole officer with or without a warrant, probable cause or reasonable suspicion.

14. _____ **Blakely/Cunningham Waiver:** I understand I may have the right to a jury or court trial as to certain factors that can be used to increase my sentence on any count, sentencing enhancement, or allegation, to the upper or maximum term provided by law. I waive and give up the right to a jury or court trial on all of these factors. I agree the judge will determine the existence of any of these factors, within the judge's discretion, as allowed by law. I agree this waiver shall apply to any future sentence imposed following a probation revocation.

15. _____ **Appeal Waiver:** I understand I have the right to appeal from decisions and orders of the Superior Court. I waive and give up my right to appeal from any and all decisions and orders made in my case, including motions to suppress evidence brought pursuant to Penal Code 1538.5. I waive and give up my right to appeal from my guilty plea. I waive and give up my right to appeal from any legally authorized sentence the court imposes which is within the terms and limits of this plea agreement.

16. _____ **Cruz Waiver:** I understand that if pending sentencing, I am arrested for or commit another crime, violate any condition of my release, or willfully fail to appear for my probation interview or my sentencing hearing, the sentence portion of this agreement will be canceled. I will be sentenced unconditionally, and I will not be allowed to withdraw my guilty plea(s).

17. _____ **Arbuckle Waiver:** I understand I have the right to be sentenced by the judge who accepts this plea. I waive and give up that right.

18. _____ **Harvey waiver:** I understand I will pay restitution on count(s) _____ and dismissed count(s) _____ pursuant to a Harvey waiver as part of the plea agreement.

19. _____ **Watson Advisement:** I understand that if I am charged with violating Vehicle Code section 23103, as specified in Vehicle Code section 23103.5, or Vehicle Code sections 23152 or 23153, the following warning applies:

You are hereby advised that being under the influence of alcohol or drugs, or both, impairs your ability to safely operate a motor vehicle. Therefore, it is extremely dangerous to human life to drive while under the influence of alcohol or drugs, or both. If you continue to drive while under the influence of alcohol or drugs, or both, and, as a result of that driving, someone is killed, you can be charged with murder.

20. _____ **License Revocation:** I understand that if I used a motor vehicle in the commission of an offense, my privilege to drive may be revoked by the Department of Motor Vehicles.

21. _____ **Probation Report Waiver:** I understand I have the right to a full probation report before sentencing. I waive and give up that right.

22. ⨯ **Mandatory Supervision Waiver:** I understand that I will be on mandatory supervision (Penal Code 1170(h)(5)) for the period of time and subject to the terms and conditions specified in this plea agreement. I understand if I violate any term or condition of mandatory supervision I could be sent to county jail for the remainder of my sentence as set forth on page 7, less any credit for time served.

23. ⨯ **Post-Release Community Supervision:** I understand that upon release from state prison I may be placed on post-release community supervision for a period of time not to exceed three years, supervised by county officers. I further understand I could be sent to the county jail for up to ten days on the order of the post-release community supervision authority without a court hearing.

24. ⨯ **Post-Release Community Supervision Revocation:** I understand that, following a court hearing, if I am found in violation of any of the terms or conditions of post-release community supervision, I could be sent to the county jail for up to 180 days each time I am found in violation.

Exh. 1 - Adm.

CASE NO. ___24WF2063_____    PEOPLE vs. ____GURKAN SOYKAN_____

25. ☒  **Parole Waiver:** I understand that upon release from state prison I may be placed on parole for a period of time ranging from three years to life, supervised by the California Department of Corrections and Rehabilitation. I further understand that if I am found in violation of any of the terms or conditions of parole, I could be sent to the county jail for up to 180 days, except if my sentence was life, I could be sent back to state prison for up to a year.

26. _____  **Flash Incarceration Waiver:** I understand that I have the right to a hearing before a judicial officer to determine whether I violated the conditions of my court-ordered probation or mandatory supervision and to determine the appropriate sanction for the violations. I waive and give up this right for all violations for which the county probation department orders me to serve a "flash incarceration", which can be a period of one to ten consecutive days in the county jail. However, if I do not agree with the imposition of flash incarceration, I am preserving my right to demand a hearing. I understand the court may not deny me probation if I elect not to sign this waiver.

27. ☒  **Mandatory Execution of Sentence:** I understand I am not eligible for probation and I will be sentenced to state prison or county jail pursuant to Penal Code 1170(h).

28. _____  **Firearms Advisement:** I am now prohibited from owning, purchasing, receiving, possessing, or having under my custody or control any firearms, ammunition, and ammunition feeding devices, including but not limited to magazines. I am ordered to relinquish all firearms and complete a relinquishment form pursuant to Penal Code 29810.

29. ☒  **Serious or violent felony:**

    ☐ I understand that by pleading guilty to a serious or violent felony ("strike"), the penalty for any future felony conviction will be increased as a result of my conviction in this case, depending on the number of strikes I have, up to a mandatory prison sentence of double the term otherwise provided or a term of at least 25 years to life.

    ☐ I understand that if I am convicted of a violent felony, prison conduct/work-time credit I may accrue will not exceed 15%.

    ☐ I understand that if I am admitting a prior strike conviction, prison work-time credit that I may accrue will not exceed 20% of the total term of imprisonment.

30. _____  **Proposed disposition:** I voluntarily agree and understand the court will:  (Initial all that apply)

    ☒ (a) **State Prison:** Sentence me to state prison for a period of _____ year(s) and _____ months, credit for time served of _____ days actual custody and _____ days of good time/work time for a total credit of _____ days. I waive and give up my right to make an application for probation and request an immediate sentence.

    _____ (b) **State Prison/County Jail Execution of Sentence Suspended:** Sentence me to State Prison/County Jail (Penal Code 1170(h)) for ___2___ year(s) and ___0___ months. Execution of this sentence is suspended. Placed on probation for ___5___ years. I understand that if I am found have violated any of the terms and conditions of probation, I may be remanded into custody to serve the entire suspended sentence.

    ☒ (c) **County Jail:** Sentence me to county jail, for a period of _____ year(s) and _____ months pursuant to Penal Code 1170(h), credit for time served of _____ days actual custody and _____ days of good time/work time for a total credit of _____ days. I waive and give up my right to make an application for probation and request an immediate sentence.

    ☒ (d) **County Jail with Mandatory Supervision:** Pronounce a divided sentence as follows: _____ year(s) and _____ months in the county jail and _____ year(s) and _____ months on mandatory supervision under conditions set forth on pages 1 and 2 of the Terms and Conditions of Felony and Mandatory Supervision form. I understand that if I violate any of the terms or conditions of mandatory supervision, I may be remanded into custody for the entire unserved portion of the sentence.

Exh. 1 - Adm.

CASE NO. __24WF2063__                    PEOPLE vs.  __GURKAN SOYKAN__

_____ (e) **Probation:** Grant me probation under the terms and conditions set forth on the attached terms and conditions form that I have initialed and signed. I understand I have the right to reject probation and have the court impose a final sentence. However, I agree to accept probation on the terms and conditions set forth on the attached terms and conditions. I further understand that if I am found in violation of any of the terms or conditions of probation, the court may resentence me to (check one)

☐ state prison ☑ county jail in this case for a maximum period of __3__ year(s) and __0__ months.

**(f) Restitution:** Order me to pay restitution on count(s) _____ and dismissed count(s) _____ pursuant to a Harvey Waiver, as part of the plea agreement, in the amount of $ _____, or in an amount to be determined by the Probation Department. If I disagree with the amount of restitution determined by the Probation Department, I may request a court hearing to determine the amount of restitution.

☐ Defendant waives appearance for restitution hearing (if box checked).

☐ The sentencing court retains jurisdiction over this case for restitution purposes (if box checked).

_____ (g) Order me to pay the mandatory state restitution fine between $300 and $10,000 (Penal Code 1202.4). A second restitution fine in the same amount will also be ordered if I receive a sentence that includes probation, a conditional sentence, mandatory supervision, post-release community supervision, or parole. This second fine will be suspended, and I will only have to pay it if the court later finds that I have violated the terms of my probation, conditional sentence, mandatory supervision, post-release community supervision, or parole (Penal Code 1202.44 & 1202.45).

_____ (h) Order me to pay the following fees (check all that apply):

☑ $30 Criminal Conviction Assessment Fee (per convicted count) (Government Code 70373)

☑ $40 Court Operations Fee (per convicted count) (Penal Code 1465.8)

☑ $50 Alcohol Abuse Education Fee (Vehicle Code 23645)

☑ $50 Alcohol Testing Penalty (Penal Code 1463.14)

☑ $100 Alcohol Assessment Fee (Vehicle Code 23649)

☐ $ _____ Domestic Violence Discretionary Fee for all Orange County Domestic Violence Shelters (Penal Code 1203.097)

☐ $ _____ Domestic Violence Prevention Fund (Penal Code 1203.097(a)(5))

☐ $10 Local Crime Prevention Fund Fee, plus penalty assessment (Penal Code 1202.5(a))

☐ $300 Sex Offense Fee (Penal Code 290.3)

☐ $500 Sex Offense Fee (2nd and subsequent) (Penal Code 290.3)

(i) Order me to pay a mandatory Laboratory Analysis Fee of $50.00 for each specified drug offense ☐ plus penalty assessment (Health and Safety Code 11372.5 & Penal Code 1464).

(j) Order me to pay a mandatory Drug Program Fee of $150.00 for each specified drug offense ☐ plus penalty assessment (Health and Safety Code 11372.7)

_____ (k) Order me to provide a state DNA sample and prints for the State DNA Database pursuant to Penal Code 296 and 296.1.

(l) Order me to attend and complete an AIDS education program and submit to AIDS blood testing (Penal Code 1202.1).

(m) Order me to register pursuant to the following: (Check all that apply)

☐ Penal Code 186.30 (gang-related offense)

☐ Penal Code 457.1 (arson-related offense): I understand I will have to register for the rest of my life.

☐ Penal Code 290 (sex offense): I understand if I work, attend school, or reside in California, I will have to register for ☐ a minimum of 10 years ☐ a minimum of 20 years ☐ lifetime.

☐ Penal Code 290.024 (sex offense): I understand I will have to register internet identifiers.

I understand that I will be required to register with the local police agency or sheriff's department in the city or county in which I reside and that if I willfully fail to register or to keep my registration current, new felony criminal charges may be filed against me.

CASE NO.   24WF2063                          PEOPLE vs.   GURKAN SOYKAN

_____ (n) I understand that if I am convicted of certain offenses and ordered to complete a program, I may be subject to supervision under the Interstate Compact if residing outside the state of California.

_____ (o) I understand that I must reside in the state of California until approval is received from the Probation Department and the Interstate Compact Office.

_____ (p) Order that my driver's license or driving privilege be suspended or revoked for a period of

10 yr CDL revocation per VC section 23597 stayed pending successful completion of DUI Court program. 4 yr CDL revocation per VC section 13352(a)(7).

XX   (q) The court will order that monies paid will first be applied to restitution; and that the following restitution terms are also part of this plea:

_____ (r) Other:   Declared habitual offender/Attend and complete 18m DUI Court program.

31.      I acknowledge all other cases pending against me in Orange County and the proposed disposition:

none pending. 23WM03119 -- PG and entering DUI Court

32. _____ I understand a plea of guilty in this case may constitute an admission that I violated a previous grant of probation, mandatory supervision, post-release community supervision, or parole in other cases and may result in additional penalties imposed in these cases.

33. _____ I offer my plea of guilty freely and voluntarily, and with a full understanding of all matters set forth in the accusatory pleading and this advisement and waiver of rights form. No one has made any threats or used any force against me, my family, or anyone else I know, in order to convince me to plead guilty in this case. Further, all promises that have been made to me to convince me to plead guilty are on this advisement and waiver of rights form.

34. _____ I offer the following facts as the basis for my guilty plea:

In Orange County, California, on  3 / 2 / 23 , I willfully and unlawfully drove a motor vehicle while under the

influence of an alcoholic beverage, and with a blood alcohol concentration of .08% or more, to wit:  .24 %.

Within ten (10) years of the commission of the above offense, I committed three separate violations of Vehicle Code

section 23152 (a) and (b) for which the I was convicted- to wit...   (1) 22WM12169- DOV 6/4/22; DOC 7/25/24

(2) 23WM01793 DOV -2/4/23; DOC 7/25/24  and  (3) 23WM03119- DOV- 10/23/22; DOC 7/25/24. My Blood

alcohol blood alcohol concentration was .20 percent or more, by weight = .24

_____ A motor vehicle was used in the commission of the crime.

35. _____ I understand each and every one of the rights set forth above in this advisement and waiver of rights form. I waive and give up each of those rights in order to enter my guilty plea. I am entering a guilty plea because I am in fact guilty and for no other reason. I declare under penalty of perjury I have read, understood, and personally initialed each numbered item above, and I have discussed them with my attorney. I understand the signing and filing of this form is conclusive evidence I have pled guilty to the charges listed on this advisement and waiver of rights form.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: _____   SIGNED: _____
                                                                    (Defendant)

CASE NO.  .24WF2063                    PEOPLE vs.    GURKAN SOYKAN

36. _____  **DEFENSE ATTORNEY'S STATEMENT:** I am the attorney of record for the defendant. I have explained
to defendant each of the rights set forth on this form. I have discussed the charges and the facts with the
defendant. I have studied the possible defenses to the charges and discussed those possible defenses
with the defendant. I have discussed the possible sentence ranges with the defendant.  I have advised
the defendant of immigration consequences and have complied with the requirements of California Penal
Code section 1016.3(a).  I also have discussed the contents of this form with the defendant. I concur with
the defendant's decision to waive the rights set forth on this form and to plead guilty. No promises of a
particular sentence or sentence recommendation have been made to the defendant by me, or to my
knowledge by the prosecuting attorney or the court, which have not been fully disclosed on this form. I
agree that this form may be received by the court as evidence of defendant's advisement and voluntary,
intelligent, knowing, and express waiver of the rights set forth on this form.

DATED: _____    SIGNED: _____
                                                              (Attorney of Record)

37. _____  **INTERPRETER'S STATEMENT:** I, _____ , having been duly sworn as a court
certified/registered/provisionally qualified interpreter, state that I am fluent in the _____
language. I translated the contents of this form to defendant in that language.

DATED: _____    SIGNED: _____
                                                              (Court Interpreter)

38. _____  **FOR THE PEOPLE:** I am the prosecuting attorney in this case. I certify that I have complied with the
requirements of California Penal Code section 1016.3(b).

DATED: _____    SIGNED: _____
                                                              (Deputy District Attorney)

**Plea to the Court:**    ☐

Exh. 1 - Adm.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
**TERMS AND CONDITIONS OF FELONY PROBATION AND MANDATORY SUPERVISION**

CASE NO. __24WF2063__          PEOPLE vs.   __GURKAN SOYKAN__          | For Court Use Only |

1. _____ Sentenced to ☐ State Prison ☒ County Jail (1170(h)) for __2__ years and __0__ months. Execution of sentence suspended.
   Placed on ☒ probation ☐ mandatory supervision for __3__ years and __0__ months.

2. ☒ Imposition of sentence suspended. Placed on probation for _____ years. Check one:
   ☐ Supervised probation or ☐ Unsupervised probation          90 OCJ to be served upfront, *(optional)*

3. _____ **Probationers:** Serve __180__ ☒ days ☐ months in County Jail. remaining 90 in SEC.
   Credit for _____ days actual time served and _____ days good time/work time for a total credit of _____ days.
   Stay granted until _____ at 7:00 P.M. Report to: ☐ Theo Lacy ☐ Orange County Jail Intake Release Center.

4. ☒ Sentenced to county jail for a period of _____ years and _____ months pursuant to Penal Code 1170(h).
   Credit for _____ days actual time served and _____ days good time/work time for a total credit of _____ days.

5. ☒ Jail stayed pending completion of _____

6. ☒ **Divided Sentence:** Sentenced to the county jail for a period of _____ years and _____ months(Total term under Penal Code 1170(h)(5)). The sentence is divided as follows: _____ years and _____ months incarceration in county jail, followed by _____ years and _____ months of mandatory supervision under the terms and conditions set forth on this page and the attached page 2. Credit for _____ days actual time served and _____ days good time/work time for a total credit of _____ days.

7. _____ Jail to be ☒ concurrent ☐ consecutive to ☒ any other case ☐ case number __23WM09718 and 23WM03119__

8. _____ Pay fine of $ __390__ plus penalty assessment to be paid: ☒ through Probation ☐ as _____ days in jail.

9. _____ Pay the following fees (check all that apply):
   ☒ $30 Criminal Conviction Assessment Fee (per convicted count) (Government Code 70373)
   ☒ $40 Court Operations Fee (per convicted count) (Penal Code 1465.8)
   ☒ $50 Alcohol Abuse Education Fee (Vehicle Code 23645)
   ☒ $50 Alcohol Testing Penalty (Penal Code 1463.14)
   ☒ $100 Alcohol Assessment Fee (Vehicle Code 23649)

   ☐ $ _____ Domestic Violence Discretionary Fee for all Orange County Domestic Violence Shelters (Penal Code 1203.097)
   ☐ $ _____ Domestic Violence Prevention Fund (Penal Code 1203.097(a)(5))
   ☐ $10 Local Crime Prevention Fund Fee, plus penalty assessment (Penal Code 1202.5(a))
   ☐ $300 Sex Offense Fee (Penal Code 290.3)
   ☐ $500 Sex Offense Fee (2nd and subsequent) (Penal Code 290.3)

   ☐ $50.00 Laboratory Analysis Fee for each specified drug offense ☐ plus penalty assessment (Health and Safety Code 11372.5 & Penal Code 1464).
   ☐ $150.00 Drug Program Fee for each specified drug offense ☐ plus penalty assessment (Health and Safety Code 11372.7).
   All fees to be paid through Probation.

10. _____ Pay mandatory state restitution fine of $ __300__ [Min: $300; Max $10,000 - Penal Code 1202.4]. If your sentence includes probation, a conditional sentence, mandatory supervision, post-release community supervision, or parole, the court will order you to pay a second restitution fine in the same amount, but it will be suspended and you will only have to pay the second fine if you are later found in violation of your probation, conditional sentence, mandatory supervision, post-release community supervision, or parole [Penal Code 12022.44 & 45]. All monies paid by the defendant for any purpose will first be applied to restitution until it is paid in full [Cal. Constitution].

11. _____ Pay restitution on count(s) _____ and dismissed counts _____ pursuant to a Harvey Waiver as part of a plea agreement, in the amount of $ _____, or in an amount to be determined by the Court and as directed by the Probation Department or Mandatory Supervision. You are also ordered to make all financial disclosures required by law in order to fulfill your responsibility to pay full restitution [Penal Code 1202.4]. You are also ordered to pay interest on restitution at the rate of 10% (check one) ☐ from the date of sentencing OR ☒ from the date of loss.
   ☐ Defendant waives appearance for restitution hearing (if box checked).
   ☐ The Court retains jurisdiction over this case for restitution purposes (if box checked).

12. ☒ Register pursuant to (Check all that apply): ☐ Penal Code 186.30 (gang-related offense)
   ☐ Penal Code 457.1 [arson offense - lifetime registration] ☐ Penal Code 290.024 [sex offense - internet identifiers]
   ☐ Penal Code 290 [sexual offense] - ☐ for a minimum of 10 years ☐ for a minimum of 20 years ☐ lifetime

13. ☒ Do not associate with any person you know or should reasonably know to be under the age of 18 years, unless accompanied by such person's parent, guardian or other adult unrelated to you who is responsible for such person and approved in advance by your probation or mandatory supervision officer.

14. _____ Do not use any illegal drugs or controlled substances without a prescription, and submit to drug or narcotic testing as directed by your probation or mandatory supervision officer, or any peace officer.

15. _____ Submit your person and property, any residence, premises, container or vehicle under your control ☒ including electronic devices ☐ not including electronic devices, to search and seizure at any time of the day or night by any law enforcement officer, probation officer, or mandatory supervision officer, with or without a warrant, probable cause, or reasonable suspicion.

Exh. 1 - Adm.

16. _____ Collaborate with your probation or mandatory supervision officer for any court ordered plan.

17. _____ ~~Do not possess any blank checks, write any portion of any checks, have any checking account, nor use or possess any credit cards or open credit accounts, unless approved in advance by your probation or mandatory supervision officer.~~ Use only your true name. ~~Do not possess any other present personal identifying information or personal financial information unless approved in advance by your probation or mandatory supervision officer.~~

18. _____ Do not own, purchase, receive, possess or have under your custody or control any type of dangerous or deadly weapon, firearm, ammunition, and ammunition feeding devices, including but not limited to magazines ☐ for 10 years. Relinquishment hearing set on _____

19. _____ Obey all orders, rules, regulations, and directives of the Court, Probation Department, Mandatory Supervision and jail.

20. _____ Violate no law.

21. _____ Driver's license or driving privilege is ☐ suspended ☑ revoked for a period or _____ 4 years

22. _____ Check all that apply
   ☑ Do not drive a motor vehicle with a measurable amount of alcohol in your blood.
   ☑ Submit to a chemical test of your blood on demand of any peace officer, probation officer, or mandatory supervision officer.
   ☑ Do not be present in any establishment where the primary items for sale are alcoholic beverages.
   ☑ Do not consume any alcoholic beverages.
   ☑ Do not drive a motor vehicle without a valid California Driver's License on your person.
   ☑ Do not drive a motor vehicle without proof of valid auto liability insurance.

23. _____ Attend and complete the following (check all that apply):
   ☐ **Probation-approved** 52-week Batterer's Treatment Program ☐ Alcohol/Drug Component ☐ Parenting Component
   ☐ **Probation-approved** 1-year Child Abuser Program            ☐ Victim Impact Counseling
   ☑ Alcohol Offender Program: ☐ 3 months ☐ 6 months ☐ 9 months ☑ 18 months

24. ☒ Attend and complete a _____ day/month probation-approved:
   ☐ residential ☐ outpatient drug/alcohol treatment program ☐ with a _____ day/month aftercare program.
   ☐ No day for day credit will be given if the defendant fails to complete the program. Full jail sentence to be imposed.

25. ☒ Attend and complete an AIDS education program and submit to AIDS blood testing (Penal Code 1202.1).

26. ☒ Comply with the terms and conditions of the Protective Order.

27. _____ Do not, in any manner, directly or indirectly, initiate contact with, nor have any communication with

anyone disapproved of by the DUI Court team.

28. ☒ Stay _____ yards away from _____.

29. _____ Disclose your probation or mandatory supervision status and terms upon the request of any peace officer.

30. _____ Provide a state DNA sample and prints for the State DNA Database pursuant to Penal Code 296 and 296.1, if not already provided.

31. _____ Other conditions:

   - Comply with all terms and conditions of DUI Court Addendum attached;

   - minimum 18 month program based on the charges;

   - Statutory minimum 180 must be served before graduation;

   - I understand that SEC, house arrest and other sentencing alternatives may be available options if I am terminated from DUI

   Court program.

32. _____ I understand that the Court ultimately determines the conditions of probation and mandatory supervision, and I have the right to request the Court modify or eliminate any condition imposed by the Probation Department that I believe is unreasonable.

33. _____ I have read, I understand, and I accept these terms and conditions of probation or mandatory supervision.


              Date: _____         Defendant's Signature: _____

Defense Counsel's Signature: _____    Deputy District Attorney's Signaute: _____

Exh. 1 - Adm.

Superior Court of California, County of Orange

Collaborative Court Programs

Case No. _24WF2063_____     *People* v. _GURKAN SOYKAN_____

DUI COURT PLEA AGREEMENT- FELONY

**1)** If this plea is accepted by the Court, I agree to give up the rights necessary to carry out
this Agreement and the terms in the Plea Forms (Tahl Forms) and Probation Addendum
executed with this Agreement. I have had the opportunity to be advised by counsel. I
understand the requirements of the DUI Court Program as described in the "DUI COURT
REQUIREMENTS-FELONY" handout that has been provided to me. I believe the DUI
Court Program will benefit me and that I can successfully complete the Program. I accept
the terms and conditions described in this Agreement and the Plea Forms and Probation
Addendum. {**Initials**____}

2) I understand and agree that the DUI Court Program begins when I enter my plea and am
sentenced by the Court. I understand that within fourteen (14) calendar days of
completing my initial custody commitment (*hereinafter* Window Period), I may
withdraw from the DUI Court Program, withdraw my plea of guilty and any admission of
probation violation(s) which may have accompanied my guilty plea. Thereafter my pre-
conviction constitutional and procedural rights shall be reinstated. My right to withdraw a
plea is conditioned upon me not having committed any violations of probation while in
the Window Period. {**Initials**____}

After the Window Period expires, I understand and agree that I am subject to the stayed
sentence imposed at the time of my plea unless the court agrees to extend the Window
Period. If I abscond from the Program or fail to appear for any mandatory DUI Court
activity during the Window Period, I understand that the Court may impose the agreed-
upon, stayed, sentence described in the attached Guilty Plea forms. {**Initials**____}

Page **1** of **8**

Case No. _____24WF2063_____    *People* v. ___GURKAN SOYKAN___

3) The District Attorney's office has agreed that neither this plea, nor this agreement can be used against me as evidence in this case. I understand I must personally appear before this Court to withdraw from the DUI Court Program. I also understand that I must continue with all Program activities until a withdrawal of plea is granted by the Court. A failure to participate in DUI Court activities prior to plea withdrawal may subject me to sanctions or a probation violation in the Court's discretion. {**Initials____**}

4) I understand that the Court may terminate me from the DUI Court Program within the Window Period if it discovers facts making me ineligible/unsuitable for the program or for reasons of non-compliance with the entry requirements of the program. If I am terminated by the Court during the Window Period for suitability or eligibility reasons not amounting to a probation violation, I can withdraw my plea of guilty, enter a new plea of not guilty, and have my rights restored as discussed in Paragraph 2 above. {**Initials____**}

5) If it is discovered at any time during my participation in the DUI Court program that I have willfully omitted or provided false information regarding my identity, gang affiliation, disqualifying prior convictions, or pending criminal charges, I understand that I can be terminated from the Program and sentenced in light of the newly discovered information. Withdrawal of my guilty plea under these circumstances is solely within the discretion of the court. I also understand that following termination for acts constituting a probation violation, the Court may impose sentence up to the maximum allowed by statute. {**Initials____**}

6) I agree to follow the rules and regulations of the DUI Court Program, the Probation Department, the Health Care Agency (HCA), and any other organization providing services to me during the Program. I agree to report to Probation and HCA as directed. I agree to abide by any curfew which may be imposed. I agree not to commit any crimes, not to use or possess alcoholic beverages, not to use or possess any unapproved drug or controlled substance. I agree not to possess any deadly or dangerous weapon or any replica weapon, not to frequent establishments where alcohol is a primary item of sale,

Page **2** of **8**

Exh. 1 - Adm.

Case No. ___24WF2063___         *People* v. ___GURKAN SOYKAN___

and not to associate with persons who are possessing, using, or under the influence of controlled substances or alcohol. {**Initials_____**}

7) I understand that if I fail to comply with the rules and regulations of the Program, including those listed in Paragraph 6, I may be sanctioned by the Court or terminated from the Program depending on the severity and number of prior violations. I will have the right to a hearing before termination. I do not have a right to a hearing regarding sanctions. The court has sole discretion regarding all sanctions imposed. {**Initials_____**}

8) I understand there is a distinction between a "sanction" and a "probation violation." I understand and agree that I do not have a right to a hearing or the right to appeal any sanction imposed by the court. Jail sanctions can be imposed as an immediate and direct consequence of failure to comply with Program requirements. The Judge, with input from the Treatment Team, will impose graduated sanctions and may utilize brief periods of incarceration as part of the Treatment Plan. The duration of a jail sanction lies solely within the discretion of the court. If a new law violation or a probation violation is alleged, I have the right to a trial or a probation violation hearing. A new law or probation violation may result in my termination from the Program. {**Initials_____**}

9) I understand that when I successfully complete the DUI Court Program, I may remain on formal probation for the term given at my sentencing. If the Court finds at the time of my graduation from DUI Court that I no longer require formal supervision, and continuance of the terms and conditions of probation would not serve a useful purpose, the court may relieve the Probation Officer of supervision and modify my probation status to Informal. If the court grants my request to relieve the Probation Officer of supervision, I understand that I remain subject to all other terms and conditions of probation. I understand that the Court will not relieve the Probation Officer of supervision if fines or restitution matters remain outstanding. I understand that following graduation, I may be required to periodically appear before the court for a status review. {**Initials_____**}

Page 3 of 8

Case No. _____24WF2063_____    *People* v.    _____GURKAN SOYKAN_____

10) I understand that if I remain free of any new law violations or any violations of probation for a period of eighteen (18) months following my graduation from the Program, I may petition the court for an early termination of probation. Termination of probation is discretionary and only considered for those complying with all terms of probation and attending all post-graduation court appearances. Under no circumstances will the Court deem the DUI conviction a misdemeanor pursuant to Penal Code Section 17(b) or dismiss any charges following graduation from DUI Court. **{Initials_____}**

11) I understand that I will be drug and alcohol tested regularly and randomly. A positive test for any drug, alcohol, or illegal substance will be deemed a "dirty test," for which I will be sanctioned. A missed test or a failure to test (without advance permission) will be considered a "dirty test" for which I can be sanctioned. A diluted test will be deemed a "dirty test" for which I can be sanctioned. Any testing irregularity, such as a mislabeled sample, leaking sample, or incomplete sample will be deemed a "dirty test" for which I can be sanctioned. Any evidence of dilution, adulteration, flushing or other efforts to mask or change a test result will be deemed a "dirty test" for which I can be sanctioned or terminated from the Program. **{Initials_____}**

12) I understand that California law requires proof of financial responsibility or minimum insurance of all drivers. In addition, California law requires a four (4) year driver's license revocation when convicted of California Vehicle Code Section 23152(a) or (b) within 10 years of three prior convictions for VC §§ 23152, 23153 or 23103 pursuant to § 23103.5. I understand my driver's license will be revoked for a minimum of four (4) years when I enter DUI Court. During my participation in the DUI Court Program, I will not drive a car unless I have a valid California driver's license and insurance as required by law. I will not carry car keys while my license is suspended or revoked. I hereby make a pledge to not to drive without a valid license and insurance. I understand any violation related to driving without a valid license and insurance is a serious violation of DUI Court rules for which I can receive a jail sanction or termination from the Program. **{Initials_____}**

Page **4** of **8**

Exh. 1 - Adm.

e No. ___24WF2063___    *People* v. ___GURKAN SOYKAN___

13) I understand that one of the requirements of the DUI Court Program is to enroll in and complete a DMV-approved multiple offender program. I will enroll in the multiple offender program and remain enrolled until completion and will immediately notify my Probation Officer and the Court if I am terminated from the program, or if I discontinue the program for any reason. {**Initials_____**}

14) I will immediately notify my Probation Officer of any contacts with law enforcement officers acting in their official capacity as peace officers, whether or not the contact resulted in a citation or arrest. {**Initials_____**}

15) DUI violations with prior convictions have mandatory jail sentences. If a person is convicted of a violation of VC § 23152 and the offense occurred within 10 years of three or more separate violations of § 23103 as specified in §§ 23103.5; 23152; 23153, or any combination thereof, the mandatory minimum jail sentence is 180 days in the county jail. I understand this minimum jail sentence is mandated by statute and I am required to serve the sentence imposed in my case prior to graduation from the Program. Upon entering the DUI Court Program, I will be required to serve half the minimum required jail sentence (90 days). I understand I am entitled to "good time/work time" custody credits for time served in county jail. I understand that I will be allowed to apply to serve the balance of my minimum jail sentence on electronic confinement (SEC) while in Phase 3 or Phase 4 of the Program, as approved by the DUI Court judge. {**Initials_____**}

I understand that acceptance in the SEC program is determined by the Probation Department and the Court must approve the SEC option. If I elect the SEC program, I must qualify for and serve the sentence under the direction of the Probation Department. I understand that I will not receive any custody credits for being a participant in the DUI Court Program unless I serve custody time or complete SEC through the Probation Department. Upon successful completion of the Program, any stayed sentence over and above the mandatory minimum sentence not previously served will be vacated. {**Initials_____**}

Exh. 1 - Adm.

Case No. ____24WF2063____    *People* v. ____GURKAN SOYKAN____

16) The Health Care Agency and other organizations providing services to the DUI Court
Program incur costs and expenses to support the DUI Court Program. DUI Court
participants are required to pay for a portion of these costs on an ability-to-pay basis
(except when the collection is prohibited by operation of law). I understand that I am
required to complete a financial assessment which will be used to determine the amount
of my contribution towards the cost of services for the Program. Prior to graduation, I am
required to reach an agreement with each contributing agency regarding my program
costs. Payments will be allowed to continue after graduation. Final decisions regarding
cost assessments and graduation approval lie solely with the Court. A willful failure to
pay assessments can be enforced as a probation violation. In no event will probation be
terminated prior to the payment of all assessments. {**Initials_____**}

17) I understand that my DUI Court Program treatment plan may include: (a) the use of an
alcohol monitoring device (which may include a GPS tracking device); (b) residing in a
sober-living home; or (c) residing in a residential treatment program. These increased
levels of treatment are imposed not as punishment, but may be determined necessary to
effectively address my addiction issues. I understand that since these treatment options
are not imposed as punishment, time spent in these treatment modalities will not reduce
owed custody time which may be required by state law or agreed to at the time of my
plea. In signing this agreement and accepting the DUI Court Program, I agree to waive
any custody time credits which might otherwise exist for a Court's imposition of these
probation obligations. {**Initials_____**}

---

**DEFENDANT**                          **ATTORNEY FOR DEFENDANT**

**DATE:** _____    **DATE:** _____

Exh. 1 - Adm.

Case No. 24WF2063          *People* v.  GURKAN SOYKAN

## THURMAN WAIVER

As a condition of probation, the Court requires Defendant to waive custody credits
they may be entitled to receive pursuant to Penal Code § 2900.5(a) for time spent
in a residential substance abuse treatment program while on probation. If ordered
by the Court to attend and complete such a program, Defendant shall not receive
any custody credit for time spent in said program, as authorized by *People v.
Thurman* (2005) 125 Cal.App.4th 1453. Defendant agrees to waive any right to
custody credits in order to be granted probation in the above-listed cases.

_____          _____

**DEFENDANT**                    **ATTORNEY FOR DEFENDANT**

**DATE:** _____    **DATE:** _____

Exh. 1 - Adm.

Case No. _____24WF2063_____    *People* v. ____GURKAN SOYKAN____

## DUI COURT (FELONY) – PROBATION TERMS AFTER DUI COURT GRADUATION

- Formal Probation to remain for the remainder of the five (5) year term. Probation may be modified to Informal at the time of graduation (or any time thereafter) at the discretion of the Court.
- Violate no law.
- Obey all orders of the Court, Probation Department, and Jail.
- Submit your person and property, residence, premises, container or vehicle under your control, including electronic devices, to search and seizure at any time of the day or night, by any Law Enforcement, Probation, or Mandatory Supervision Officer, with or without a warrant, probable cause, or reasonable suspicion.
- Cooperate with your Probation or Mandatory Supervision Officer in any plan for psychological, alcohol and/or drug treatment. Seek training, schooling, or employment, and maintain residence as approved by your Probation or Mandatory Supervision Officer. Do not associate with persons known to be on parole, post-release community supervision, convicted felons, users or sellers of illegal drugs, or otherwise disapproved of by your Probation or Mandatory Supervision officer.
- Do not own, purchase, receive, possess or have under your custody or control any type of dangerous or deadly weapon, firearm, ammunition, and ammunition feeding devices, including but not limited to magazines.
- Do not consume any alcoholic beverages.
- Do not be present in any establishment where the primary items for sale are alcoholic beverages.
- Do not drive with any measurable amount of alcohol in your blood system.
- Submit to a chemical test on demand of a Peace, Probation, or Mandatory Supervision Officer.
- Do not drive a motor vehicle without a valid driver's license in your possession.
- Do not drive a motor vehicle without proof of valid insurance or financial responsibility.
- Use your True Name and date of birth at all times.
- Carry a valid government-issued identification card at all times.
- Provide the Court/Probation Department with your current address and telephone number and your employer's name, address and telephone number. Immediately notify the court of any changes.
- Disclose probation terms upon request of Probation or Peace Officer.
- Continuing paying remaining fines, fees, and any restitution through probation.
- Complete Multi-Offender Program if not already completed

*The defendant understands and agrees to these post-graduation terms & conditions of probation.*


_____    _____

**DEFENDANT**    **ATTORNEY FOR DEFENDANT**

**DATE:** _____    **DATE:** _____

Page **8** of **8**

# EXHIBIT B

EOIR 32 of 38

Exh. 1 - Adm.

Uploaded and distributed by this document as part of some standard filing case only then

## DECLARATION OF SUPPORT FOR MR. GURKAN SOYKAN

I, Patrick Michael Visperas Hidalgo, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. Personal Information:

   - Full Name: Patrick Michael Visperas Hidalgo

   - Address: 10932 Morrison ████████████████ Los Angeles, CA 91601

   - Telephone: (310) 210-6984

   - Date of Birth: July ██████

2. I am currently employed as a Payroll Specialist at Cast & Crew LLC, a leading company providing payroll services for the entertainment industry. I have held this position for [insert number of years], demonstrating a consistent and stable employment history. My annual income is $53,513.99, which affords me the financial means to provide support and housing to another individual without hardship.

3. Residential Capacity I reside in a spacious three-bedroom apartment at the address mentioned above. The apartment is located in a safe, well-maintained neighborhood with access to public transportation, healthcare facilities, and community resources. There is ample space and a private bedroom available for Mr. Gurkan Soykan, ensuring his comfort and privacy.

4. I have known Mr. Soykan for 15 years. We met serendipitously at a bar when I was employed at a legal firm, and our friendship has grown ever since. Throughout our longstanding relationship, I have come to deeply respect his integrity, kindness, and commitment to ethical principles. We have shared numerous life experiences, and I consider

EOIR 33 of 38

Exh. 1 - Adm.

Uploaded through one of IRC's legal immigration file / legal orientation

him not just a friend but a brother. His presence has been a steadfast source of support and camaraderie in my life.

5. I am fully prepared to provide comprehensive support to Mr. Soykan, including housing, sustenance, and assistance with daily needs. My background in legal work has equipped me with a thorough understanding of the importance of adhering to legal obligations. I will personally ensure that Mr. Soykan attends all required court appearances and complies with any conditions set forth by the court. I am committed to maintaining open communication with his legal counsel to stay informed about any developments in his case.

6. I recognize the gravity of acting as a sponsor and the responsibilities it entails. I am aware that his failure to comply with court orders could have serious legal implications, and I am committed to preventing such outcomes. My professional experience has instilled in me a strong sense of accountability and diligence, which I will apply in this context.

7. Over the years, I have witnessed Mr. Soykan consistently exhibit qualities of honesty, reliability, and compassion. He has contributed positively to our community, often volunteering at local events and helping those in need. His moral character is beyond reproach, and I firmly believe that he poses no risk to society.

8. Allowing Mr. Soykan to reside with me will provide him with the stability and support necessary to focus on resolving his legal matters. His presence in our community is an asset; he has always been eager to contribute and engage positively with those around him. Granting him bond will enable him to continue his contributions and maintain the life he has built over the past years.

EOIR 30 of 38

Exh. 1 - Adm.

Uploaded and managed by a representative of Cadila Pharmacy Inc.) DECLARATION

9. I earnestly request that the court consider this declaration as a testament to my unwavering
   support for Mr. Soykan.  I am confident that with my assistance, he will navigate this
   challenging period responsibly and with full compliance to all legal requirements.  It is my
   sincere hope that the court will grant him the opportunity to remain in the community while
   he addresses his legal obligations.

10. I stand ready to fulfill all duties associated with being a sponsor. My commitment to
    supporting Mr. Soykan is both personal and profound. I believe in his character and his
    dedication to resolving his situation in accordance with the law.

   I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.

Executed on this 14th day of November, 2024, in Los Angeles, California.

Signed by:

*Patrick Michael Visperas Hidalgo*

ABD59AB3763345A...

_____

Patrick Michael Visperas Hidalgo

# EXHIBIT C

EOIR 36 of 38

Exh. 1 - Adm.

# THE UNITED STATES OF AMERICA

## CERTIFICATE OF NATURALIZATION

No. ▉▉▉▉▉▉



*INS Registration No.* ▉▉▉▉▉▉

*Personal description of holder as of date of naturalization:*

*Date of birth:* JULY 27, 1967

*Sex:* MALE

*Height:* 5 feet 08 inches

*Marital status:* SINGLE

*Country of former nationality:*

PHILIPPINES



IT IS PUNISHABLE BY U. S. LAW TO COPY,
PRINT OR PHOTOGRAPH THIS CERTIFICATE,
WITHOUT LAWFUL AUTHORITY.

*I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.*

PATRICK MICHAEL VISPERAS HIDALGO
*(Complete and true signature of holder)*

*Be it known that, pursuant to an application filed with the Attorney General*

*at* LOS ANGELES, CA

*The Attorney General having found that:*

PATRICK MICHAEL VISPERAS HIDALGO

*then residing in the United States, intends to reside in the United States when so required by the Naturalization Laws of the United States, and had in all other respects complied with the applicable provisions of such naturalization laws and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the*

U.S. DISTRICT COURT
FOR THE CENTRAL DIST. OF CALIFORNIA

*at* LOS ANGELES, CA    *on:* OCTOBER 21ST, 1994

*that such person is admitted as a citizen of the United States of America.*

Doris Meissner
*Commissioner of Immigration and Naturalization*

DEPARTMENT OF JUSTICE

Exh.

Uploaded on: 05/05/2024 at 1:55 AM (Pacific Standard Time) Base City, ADP
Case 5:25-cv-00877-RSE-AS Document 1 Filed 04/10/25 Page 46 of 64 Page ID #:46

## 2023 W-2 and EARNINGS SUMMARY

**Employee Reference Copy**

**W-2** Wage and Tax Statement **2023**

Copy C for employee's records.    OMB No. 1545-0008

| d  Control number | Dept. | Corp. | Employer use only |
|---|---|---|---|
| 001792 ATLA/AGL | 009102 | A | 475 |

c  Employer's name, address, and ZIP code
CAST & CREW LLC
2300 EMPIRE AVE 5TH FL
BURBANK CA 91504

Batch #08648

e/f Employee's name, address, and ZIP code
PATRICK HIDALGO
10932 MORRISON ST #212
LOS ANGELES CA 91601

| b | |
|---|---|
| | 2  Federal income tax withheld |
| 39893.99 | 3421.12 |
| 3  Social security wages | 4  Social security tax withheld |
| 53513.99 | 3317.87 |
| 5  Medicare wages and tips | 6  Medicare tax withheld |
| 53513.99 | 775.95 |
| 7  Social security tips | 8  Allocated tips |
| 9 | 10  Dependent care benefits |
| 11  Nonqualified plans | 12a See instructions for box 12 |
| | C | 13.52 |
| 14  Other | 12b  D | 13620.00 |
| 489.51 SDI | 12c  W | 890.00 |
| | 12d  DD | 8201.77 |
| | 13 Stat emp. Ret. plan 3rd party sick pay  X |
| 15 | |
| | |
| 19  Local income tax | 20 Locality name |

This blue section is your Earnings Summary which provides more detailed information on the generation of your W-2 statement. The reverse side includes instructions and other general information.

1. Your Gross Pay was adjusted as follows to produce your W-2 Statement.



| | Wages, Tips, other Compensation Box 1 of W-2 | Social Security Wages Box 3 of W-2 | Medicare Wages Box 5 of W-2 | |
|---|---|---|---|---|
| Gross Pay | | | | 13,620.00 |
| | | | | 77.35 |
| | | | | N/A |
| | | | | 500.00 |
| | | | | 40,783.99 |



Fold and Detach Here

Exh. 1 - Adm.

# EXHIBIT B

Sandra Anderson
Chief Counsel
Philip J. Betz, Jr.
Deputy Chief Counsel
Fankai Tseng
Assistant Chief Counsel
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
Office of the Chief Counsel
10250 Rancho Road
Adelanto, California 92301
(760) 561-6460

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**ADELANTO, CALIFORNIA**

|  |  |
|---|---|
| In the Matter of:<br><br>Gurkan SOYKAN<br><br>In bond proceedings | File No.:   A 205-718-883 |

Honorable Judge: Bryan DePowell          Next Hearing: March 19, 2025 at 8:00 AM

**U.S. DEPARTMENT OF HOMELAND SECURITY'S**
**SUBMISSION FOR BOND PROCEEDINGS**

Exh. 4 - Adm.

# TABLE OF CONTENTS

| TAB | | Page |
|---|---|---|
| A | Respondent's Rap Sheet | 1 – 10 |

March 18, 2025

**RESPECTFULLY SUBMITTED,**

*Fankai Tseng*

Fankai Tseng
Assistant Chief Counsel
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

Exh. 4 - Adm.

A

EOIR – 3 of 14

Exh. 4 – Adm.

```
PUR/C.ATN/FTSENG.FBI/███████
THIS INTERSTATE IDENTIFICATION INDEX RESPONSE IS THE RESULT OF YOUR
RECORD REQUEST FOR FBI/███████   INDIVIDUAL'S RECORD WILL BE
COMPLETE WHEN ALL RESPONSES ARE RECEIVED FROM THE FOLLOWING SOURCES:
 FBI           - FBI/███████
 CALIFORNIA    - STATE ID/CA33068300
 END


-----------------------------------------------------------------------
FEDERAL RESPONSE (WVFBINF00)
REQUESTING ORI:[VTICE1990]
HDR/2L01WWWX45BX58
ATN/FTSENG
***********************  CRIMINAL HISTORY RECORD  **********************

***************************  Introduction  ****************************

This rap sheet was produced in response to the following request:

FBI Number            ███████
Request Id            WWWX45BX58
Purpose Code          C
Attention             FTSENG

The information in this rap sheet is subject to the following caveats:

This record is based only on the FBI number in your request-UCN:
███████  Because additions or deletions may be made at any time, a new
copy should be requested when needed for subsequent use.(US;
2025-03-19)

All entries contained in this FBI record are based on fingerprint
comparisons and pertain to the same individual.(US; 2025-03-19)

The use of this record is regulated by law. It is provided for official
use only and may be used only for the purpose requested.(US;
2025-03-19)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
* FEDERAL DEOXYRIBONUCLEIC ACID (DNA) INDICATOR * * * * DNA NOT IN
CODIS - COLLECT DNA * * * - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - -(US; 2025-03-19)


***************************  IDENTIFICATION  **************************

Subject Name(s)

SOYKAN, GURKAN

Subject Description

FBI Number            State Id Number
███████               CA33068300 (CA)

Social Security Number
███████

Miscellaneous Numbers
1060348250                         FN
A205718883                         AR
205718883                          AR
```

Exh. 4 – Adm.

about:blank

DHS Page 1

1/10

| Sex | Race |
|-----|------|
| Male | White |

| Height | Weight | Date of Birth |
|--------|--------|---------------|
| 5'11" | 175 | 1980-12-21 |

| Hair Color | Eye Color | Fingerprint Pattern |
|------------|-----------|---------------------|
| Brown | Brown | ████████████ S (Other) |

| Place of Birth | Citizenship |
|----------------|-------------|
| Turkey | Turkey |
| | Turks and Caicos Islands |
| | Unknown |

Fingerprint Images
(No Fingerprint Image Transmitted
Comment:)
Fingerprint Image Available    FBI-CJIS DIV-CLRKSBG CLARKSBURG WVFBINF00
Capture Date                   2013-05-02
(No Fingerprint Image Transmitted
Comment:BSI: 40001505859)
Fingerprint Image Available    FBI-CJIS DIV-CLRKSBG CLARKSBURG WVFBINF00
Capture Date                   2024-09-08
(No Fingerprint Image Transmitted
Comment:BSI: 40549520658)

Photo Images
Photo Image Available          FBI-CJIS DIV-CLRKSBG CLARKSBURG WVFBINF00
Available Image                Other
Capture Date                   2024-09-08
(No Photo Image Transmitted
Comment:BSI: 40549520657)


************************  CRIMINAL HISTORY  ************************

============================ Cycle 001 ============================
Earliest Event Date    2013-05-02
------------------------------------------------------------------
Arrest Date            2013-05-02
Arrest Case Number     163413759
Arresting Agency       CAICE2400 ICE/ERO LOS ANG FLD LOS ANGELES
Charge                 1
        Charge Literal ALIEN INADMISSIBILITY UNDER SECTION 212
            Severity   Unknown
============================ Cycle 002 ============================
Earliest Event Date    2024-09-08
------------------------------------------------------------------
Arrest Date            2024-09-08
Arrest Case Number     9416165134
Arresting Agency       CAICE2400 ICE/ERO LOS ANG FLD LOS ANGELES
Subject's Name         SOYKAN,GURKAN
Charge                 1
        Charge Literal 237A1CI NONIMMIGRANT STATUS VIOLATORS: FAILED
                       TO MAINTAIN THE NONIMMIGRANT STATUS IN WHICH
                       THE ALIEN WAS ADMITTED
            Severity   Unknown
Charge                 2
        Charge Literal 8 USC 1182 ALIEN INADMISSIBILITY UNDER SECTION
                       212
            Severity   Unknown
************************  INDEX OF AGENCIES  ************************

EOIR - 5 of 14

```
Agency               ICE/ERO LOS ANG FLD;#CE2400;
Agency Telephone     213 923-5480
Agency Email Address VADIM.V.TSARKOV@ICE.DHS.GOV
Address                    B118
                     300 N LOS ANGELES ST
                     LOS ANGELES, CA 90012
```

```
    * * * END OF RECORD * * *
NCICWS ID:NLETS
NCICWS Correlation ID:447690707
End Federal Response
--------------------------------------------------------------------

--------------------------------------------------------------------
STATE RESPONSE:CALIFORNIA(CAIII0000)
REQUESTING ORI:[VTICE1990]
HDR/2L01WWWX45BX58
ATN/FTSENG
********************** CRIMINAL HISTORY RECORD ***********************

************************** Introduction ***************************

This rap sheet was produced in response to the following request:

State Id Number      33068300 ()
Purpose Code         C
Attention            FTSENG

The information in this rap sheet is subject to the following caveats:

RESTRICTED - DO NOT USE FOR EMPLOYMENT, LICENSING, PLACEMENT OR
CERTIFICATION PURPOSES(CA; 2025-03-18)


 DO NOT COLLECT DNA. DNA SAMPLE HAS BEEN RECEIVED, TYPED, AND UPLOADED
INTO THE CAL-DNA DATA BANK. FOR INFO (510) 620-3300 OR
PC296.PC296@DOJ.CA.GOV

(CA; 2013-03-22)

** PALM PRINT ON FILE AT DOJ FOR ADDITIONAL INFORMATION PLEASE E-MAIL
PALM.PRINT@DOJ.CA.GOV(CA; 2012-09-15)


************************** IDENTIFICATION ***************************

Subject Name(s)

SOYKAN, GURKAN

Subject Description
```

FBI Number                  State Id Number

Social Security Number      Driver's License
                                             ()

                            Race
                            White

Height                      Weight              Date of Birth

6'00"                    220                                       1980-12-21

Hair Color               Eye Color
Brown                    Brown


Place of Birth           Citizenship                Ethnicity
TURKEY                   TURKEY                      White American

Employment
Occupation               DRIVER
Employer
Occupation               SALES
Employer
Occupation               TOUR GUIDE
Employer


************************* CRIMINAL HISTORY *************************

============================= Cycle 001 =============================
Earliest Event Date      2012-06-14
--------------------------------------------------------------------
Arrest Date              2012-06-14
Arrest Case Number       H387320
Arresting Agency         CA0192900 CAPDHERMOSA BEACH
Subject's Name           SOYKAN,GURKAN
Comment(s)               ARREST/DETAINED/CITED
Charge                   1
              Statute    NO ARREST RECEIVED ( )
    State Offense Code    00001
             Severity    Other
Charge                   2
              Statute    MAINTAIN PUBLIC NUISANCE (372 PC )
    State Offense Code    55008
             Severity    Misdemeanor
--------------------------------------------------------------------
Court Disposition        (Cycle 001)
Court Case Number        SBA2SY0520701
Final Disposition Date   2012-07-24
Court Agency             CA0019223J CASCTORRANCE
Subject's Name           SOYKAN,GURKAN
Charge                   1
              Statute    MAINTAIN PUBLIC NUISANCE (372 PC )
    State Offense Code    55008
             Severity    Unknown
          Disposition    (DISMISSED/FURTHERANCE OF JUSTICE)
Charge                   2
              Statute    LOUD/UNREASONABLE NOISE (415(2) PC )
    State Offense Code    53130
             Severity    Unknown
          Disposition    (CONVICTED SENTENCE NOT REPORTED)
    Court Comment  (2012-07-28) FOR CERT INFO SEE AUTOMATED
                        ARCHIVE SYS
    Court Comment  CONVICTION CERTIFIED BY JOHN A CLARKE,EXECUTIVE
                        OFFICER CLERK,CASCTORRANCE
    Court Comment  COURT ACTION
============================= Cycle 002 =============================
Earliest Event Date      2012-09-15
--------------------------------------------------------------------
Arrest Date              2012-09-15
Arrest Case Number       3302535-33309702
Arresting Agency         CA0190022 CASOLA LOST HILLS
Subject's Name           SOYKAN,GURKAN
Comment(s)               ARREST/DETAINED/CITED

```
Comment(s)              PHOTO AVAILABLE
Charge                  1
            Statute     EMBEZZLE PROPERTY UNDER LEASE (504A PC )
State Offense Code      27016
            Severity    Felony
          Disposition   ( 2012-09-18; PROS REL-DET ONLY-LACK OF SUFF
                        EVID)
============================== Cycle 003 ==============================
Earliest Event Date     2013-04-21
----------------------------------------------------------------------
Arrest Date             2013-04-21
Arrest Case Number      3521907-33309702
Arresting Agency        CA0197200 CAPDTORRANCE
Subject's Name          SOYKAN,GURKAN
Comment(s)              ARREST/DETAINED/CITED
Comment(s)              PHOTO AVAILABLE
Comment(s)              WARRANT SBA2SY0520701
Charge                  1
            Statute     EMBEZZLEMENT (503 PC )
State Offense Code      27014
            Severity    Felony
Charge                  2
            Statute     LOUD/UNREASONABLE NOISE (415(2) PC )
State Offense Code      53130
            Severity    Infraction
          Disposition   (DISPO SEE MATCH ARR/DET/CITE NUMB(FDSMN))
----------------------------------------------------------------------
Court Disposition       (Cycle 003)
Court Case Number       SBA3SY0239401
Final Disposition Date  2013-04-30
Court Agency            CA019223J CASCTORRANCE
Subject's Name          SOYKAN,GURKAN
Charge                  1
      Charge Description CHRG 487(D)(1) PC
            Statute     SEE COMMENT FOR CHARGE ( )
State Offense Code      66085
            Severity    Unknown
          Disposition   (DISMISSED/FURTHERANCE OF JUSTICE)
Charge                  2
            Statute     EMBEZZLEMENT (503 PC )
State Offense Code      27023
            Severity    Unknown
          Disposition   (DISMISSED/FURTHERANCE OF JUSTICE)
Charge                  3
            Statute     EMBEZZLE LEASED/RENTED VEHICLE (10855 VC )
State Offense Code      27054
            Severity    Unknown
          Disposition   (DISMISSED/FURTHERANCE OF JUSTICE)
Charge                  4
            Statute     TAKE VEH W/O OWNER CONSENT (10851(A) VC )
State Offense Code      24067
            Severity    Misdemeanor
          Disposition   (CONVICTED-PROB/JAIL)
      Court Comment     CONVICTION CERTIFIED BY JOHN A CLARKE,EXECUTIVE
                        OFFICER CLERK,CASCTORRANCE
      Court Comment     COURT ACTION
      Court Comment     FOR CERT INFO SEE AUTOMATED ARCHIVE SYS
----------------------------------------------------------------------
Sentencing              (Cycle 003)
Sentence                RESTN; IMP SEN SS; WORK PROGRAM; 003 YEARS
                        PROBATION; 020 DAYS JAIL; FINE
============================== Cycle 004 ==============================
Earliest Event Date     2022-06-04
----------------------------------------------------------------------
Arrest Date             2022-06-04
```

```
Arrest Case Number        286393CM-0001797312
Arresting Agency          CA0300400 CAPDCOSTA MESA
Subject's Name            SOYKAN,GURKAN
Comment(s)                ARREST/DETAINED/CITED
Comment(s)                PHOTO AVAILABLE
Charge                    1
            Statute       DUI ALCOHOL (23152(A) VC )
    State Offense Code    42104
            Severity      Misdemeanor
--------------------------------------------------------------------
Court Disposition         (Cycle 004)
Court Case Number         22WM12169
Final Disposition Date    2024-07-25
Court Agency              CA030063J CASCWESTMINSTER
Subject's Name            SOYKAN,GURKAN
Charge                    1
    Charge Description    CONCURRENT WITH 23WM01793
            Statute       DUI ALCOHOL (23152(A) VC )
    State Offense Code    42104
            Severity      Misdemeanor
            Disposition   (CONVICTED-JAIL)
Charge                    2
            Statute       DUI ALCOHOL/0.08 PERCENT (23152(B) VC )
    State Offense Code    42088
            Severity      Misdemeanor
            Disposition   (CONVICTED)
    Court Comment         CONVICTION CERTIFIED BY DAVID YAMASAKI,CLERK OF
                          THE COURT,CASCWESTMINSTER
    Court Comment         COURT ACTION
    Court Comment         FOR CERT INFO SEE AUTOMATED ARCHIVE SYS
--------------------------------------------------------------------
Sentencing                (Cycle 004)
Sentence                  CONCURRENT; 090 DAYS JAIL; 004 DAYS JAIL OR FINE
--------------------------------------------------------------------
Sentencing                (Cycle 004)
Sentence                  STAYED
============================= Cycle 005 =============================
Earliest Event Date       2022-10-23
--------------------------------------------------------------------
Arrest Date               2022-10-23
Arrest Case Number        288380CM-0001797312
Arresting Agency          CA0300400 CAPDCOSTA MESA
Subject's Name            SOYKAN,GURKAN
Comment(s)                ARREST/DETAINED/CITED
Comment(s)                PHOTO AVAILABLE
Charge                    1
            Statute       DUI ALCOHOL (23152(A) VC )
    State Offense Code    42104
            Severity      Misdemeanor
--------------------------------------------------------------------
Court Disposition         (Cycle 005)
Court Case Number         23WM03119
Final Disposition Date    2024-07-25
Court Agency              CA030063J CASCWESTMINSTER
Subject's Name            SOYKAN,GURKAN
Charge                    1
            Statute       DUI ALCOHOL (23152(A) VC )
    State Offense Code    42104
            Severity      Misdemeanor
            Disposition   (CONVICTED-PROB/JAIL)
Charge                    2
            Statute       DUI ALCOHOL/0.08 PERCENT (23152(B) VC )
    State Offense Code    42088
            Severity      Misdemeanor
            Disposition   (CONVICTED)
```

```
     Court Comment  (2024-07-25) CONDITION OF PROB-FIREARM
                                 RESTRICTION
     Court Comment  CONVICTION CERTIFIED BY DAVID YAMASAKI,CLERK OF
                                 THE COURT,CASCWESTMINSTER
     Court Comment  COURT ACTION
     Court Comment  FOR CERT INFO SEE AUTOMATED ARCHIVE SYS
-------------------------------------------------------------------
Sentencing                      (Cycle 005)
Sentence                        005 YEARS PROBATION; 364 DAYS JAIL; FINE
-------------------------------------------------------------------
Sentencing                      (Cycle 005)
Sentence                        STAYED
============================ Cycle 006 ============================
Earliest Event Date             2023-02-04
-------------------------------------------------------------------
Arrest Date                     2023-02-04
Arrest Case Number              289877CM-0001797312
Arresting Agency                CA0300400 CAPDCOSTA MESA
Subject's Name                  SOYKAN,GURKAN
Comment(s)                      ARREST/DETAINED/CITED
Comment(s)                      PHOTO AVAILABLE
Charge                          1
          Statute               DUI ALCOHOL (23152(A) VC )
  State Offense Code            42104
          Severity              Misdemeanor
Charge                          2
          Statute               DUI ALCOHOL/0.08 PERCENT (23152(B) VC )
  State Offense Code            42088
          Severity              Misdemeanor
-------------------------------------------------------------------
Court Disposition               (Cycle 006)
Court Case Number               23WM01793
Final Disposition Date          2024-07-25
Court Agency                    CA030063J CASCWESTMINSTER
Subject's Name                  SOYKAN,GURKAN
Charge                          1
    Charge Description          CONCURRENT WITH 22WM12169
          Statute               DUI ALCOHOL (23152(A) VC )
  State Offense Code            42104
          Severity              Misdemeanor
          Disposition           (CONVICTED-JAIL)
Charge                          2
          Statute               DUI ALCOHOL/0.08 PERCENT (23152(B) VC )
  State Offense Code            42088
          Severity              Misdemeanor
          Disposition           (CONVICTED)
     Court Comment  CONVICTION CERTIFIED BY DAVID YAMASAKI,CLERK OF
                                 THE COURT,CASCWESTMINSTER
     Court Comment  COURT ACTION
     Court Comment  FOR CERT INFO SEE AUTOMATED ARCHIVE SYS
-------------------------------------------------------------------
Sentencing                      (Cycle 006)
Sentence                        CONCURRENT; 090 DAYS JAIL; 004 DAYS JAIL OR FINE
-------------------------------------------------------------------
Sentencing                      (Cycle 006)
Sentence                        STAYED
============================ Cycle 007 ============================
Earliest Event Date             2023-03-02
-------------------------------------------------------------------
Arrest Date                     2023-03-02
Arrest Case Number              290214CM-0001797312
Arresting Agency                CA0300400 CAPDCOSTA MESA
Subject's Name                  SOYKAN,GURKAN
Comment(s)                      ARREST/DETAINED/CITED
Comment(s)                      PHOTO AVAILABLE
```

```
          Charge                  1
                    Statute       DUI ALCOHOL/DRUGS (23152(A) VC )
          State Offense Code      42073
                    Severity      Misdemeanor
          Charge                  2
                    Statute       DUI ALCOHOL/0.08 PERCENT (23152(B) VC )
          State Offense Code      42088
                    Severity      Misdemeanor
          Charge                  3
                    Statute       DRIVE:LIC SUSP/ETC:DUI:SPEC VIOL (14601.2(A) VC
                                  )
          State Offense Code      54108
                    Severity      Misdemeanor
          --------------------------------------------------------------------
          Court Disposition       (Cycle 007)
          Court Case Number       24WF2063
          Final Disposition Date  2024-09-06
          Court Agency            CA030063J CASCWESTMINSTER
          Subject's Name          SOYKAN,GURKAN
          Charge                  1
                    Statute       DUI W/PRIOR CONV:PER 23550 VC (23152(A) VC )
          State Offense Code      42100
                    Severity      Felony
                    Disposition   (CONVICTED-PROB/JAIL)
          Charge                  2
                    Statute       DUI 0.08%W/PRS:PER 23550VC (23152(B) VC )
          State Offense Code      42099
                    Severity      Felony
                    Disposition   (CONVICTED)
          Charge                  3
                    Statute       DRIVE:LIC SUS/ETC:DUI/RFUSE TST (14601.5(A) VC )
          State Offense Code      54085
                    Severity      Unknown
                    Disposition   (DISMISSED/FURTHERANCE OF JUSTICE)
          Court Comment   (2024-09-06) CONDITION OF PROB-FIREARM
                                  RESTRICTION
          Court Comment   CONVICTION CERTIFIED BY DAVID YAMASAKI,CLERK OF
                                  THE COURT,CASCWESTMINSTER
          Court Comment   COURT ACTION
          Court Comment   FOR CERT INFO SEE AUTOMATED ARCHIVE SYS
          --------------------------------------------------------------------
          Sentencing              (Cycle 007)
          Sentence                910 DAYS JAIL; 002 YEARS JAIL SS; 003 YEARS
                                  PROBATION; 004 DAYS JAIL OR FINE
          --------------------------------------------------------------------
          Sentencing              (Cycle 007)
          Sentence                STAYED
          ============================= Cycle 008 =============================
          Earliest Event Date     2023-06-28
          --------------------------------------------------------------------
          Arrest Date             2023-06-28
          Arrest Case Number      3284005-0001797312
          Arresting Agency        CA0300000 CASOSANTA ANA
          Subject's Name          SOYKAN,GURKAN
          Comment(s)              ARREST/DETAINED/CITED
          Comment(s)              CRT CASE 23WM05891
          Comment(s)              PHOTO AVAILABLE
          Charge                  1
                    Statute       DUI ALCOHOL/DRUGS (23152(A) VC )
          State Offense Code      42073
                    Severity      Misdemeanor
          Charge                  2
                    Statute       DUI ALCOHOL/0.08 PERCENT (23152(B) VC )
          State Offense Code      42088
                    Severity      Misdemeanor
```

```
Charge                   3
              Statute    DRIVE:LIC SUS/ETC:DUI/RFUSE TST (14601.5(A) VC )
   State Offense Code     54085
            Severity     Misdemeanor
============================ Cycle 009 ============================
Earliest Event Date      2023-06-28
-------------------------------------------------------------------
Corrections              (Cycle 009)
Supervision Date         2023-06-28
Corrections Agency       CA0300000 CASOSANTA ANA
Subject's Name           SOYKAN,GURKAN
     Supervision Case Number  3284005
    Correction Action    LAW ENFORCEMENT CUSTODY
Charge                   1
              Statute    OFFENSE UNDETERMINED ( )
   State Offense Code     66235
            Severity     Unknown
    Correction Comment   (2023-06-29) RELEASED
    Correction Comment   LAW ENFORCEMENT CUSTODY
============================ Cycle 010 ============================
Earliest Event Date      2024-07-25
-------------------------------------------------------------------
Arrest Date              2024-07-25
Arrest Case Number       3327787-0001797312
Arresting Agency         CA0300000 CASOSANTA ANA
Subject's Name           SOYKAN,GURKAN
Comment(s)               ARREST/DETAINED/CITED
Comment(s)               CNT1 NUM-T23WM03119
Comment(s)               CRT CASE 23WM03119
Comment(s)               PHOTO AVAILABLE
Charge                   1
              Statute    DUI ALCOHOL/DRUGS (23152(A) VC )
   State Offense Code     42073
            Severity     Misdemeanor
============================ Cycle 011 ============================
Earliest Event Date      2024-07-25
-------------------------------------------------------------------
Corrections              (Cycle 011)
Supervision Date         2024-07-25
Corrections Agency       CA0300000 CASOSANTA ANA
Subject's Name           SOYKAN,GURKAN
     Supervision Case Number  3327787
    Correction Action    LAW ENFORCEMENT CUSTODY
Charge                   1
              Statute    OFFENSE UNDETERMINED ( )
   State Offense Code     66235
            Severity     Unknown
    Correction Comment   (2024-09-08) RELEASED
    Correction Comment   LAW ENFORCEMENT CUSTODY


********************   NON CRIMINAL INFORMATION   ********************

*********************   INDEX OF AGENCIES   *********************

Agency                   CAPDCOSTA MESA; CA0300400;

-------------------------------------------------------------------
Agency                   CAPDHERMOSA BEACH; CA0192900;

-------------------------------------------------------------------
Agency                   CAPDTORRANCE; CA0197200;

-------------------------------------------------------------------
Agency                   CASOLA LOST HILLS; CA0190022;
```

```
Agency                 CASOSANTA ANA; CA0300000;

-----------------------------------------------------------------------
Agency                 CASCTORRANCE; CA019223J;

-----------------------------------------------------------------------
Agency                 CASCWESTMINSTER; CA030063J;


     * * * END OF RECORD * * *
NCICWS ID:NLETS
NCICWS Correlation ID:447690707
End State Response: CALIFORNIA
-----------------------------------------------------------------------
```

EOIR — 13 of 14

Exh. 4 - Adm.

about:blank

DHS Page 10

10/10

Gurkan SOYKAN
A 205-718-883

## CERTIFICATE OF SERVICE FORM FOR ELECTRONIC FILINGS

On March 18, 2025, I, <u>Fankai Tseng</u>, served a copy of this US Department of Homeland
Security's Submission for Bond Proceedings and any attached pages through the EOIR Courts
and Appeals System (ECAS), which will automatically send service notifications to both parties
that a new document has been filed.

_Fankai Tseng_____                3/18/2025_____
(signature)                                 (date)

Exh. 4 – Adm.

# EXHIBIT C



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**ADELANTO IMMIGRATION COURT**

Respondent Name:
   SOYKAN, GURKAN

To:

   Agopoglu, Berc
   1901 Avenue of the Stars
   Suite 1900
   Los Angeles, CA 90067

A-Number:
205718883
Riders:
In Custody Redetermination Proceedings

Date:
03/19/2025


**ORDER OF THE IMMIGRATION JUDGE**


The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☑ Denied, because
Government has met their burden to demonstrate that Respondent's release, under the circumstances here, would pose a danger to the community.


☐ Granted. It is ordered that Respondent be:
   ☐ released from custody on his own recognizance.
   ☐ released from custody under bond of $
   ☐ other:


☐ Other:

Immigration Judge: DePowell, Bryan 03/19/2025

Appeal:     Department of Homeland Security:  ☑ waived  ☐ reserved
            Respondent:                        ☐ waived  ☑ reserved
Appeal Due: 04/18/2025

## Certificate of Service

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Noncitizen | [ ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS
Respondent Name : SOYKAN, GURKAN | A-Number : 205718883
Riders:
Date: 03/19/2025 By: CHAMBERS, KARINA, Court Staff