**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA — EASTERN DIVISION**

| | |
|---|---|
| GURKAN SOYKAN,<br><br>                  Petitioner,<br><br>   v.<br><br>KRISTI NOEM, et. al.,<br><br>               Respondents. | Case No. EDCV 25-0877-DSF(AS)<br><br>**ORDER ACCEPTING FINDINGS,**<br><br>**CONCLUSIONS AND**<br><br>**RECOMMENDATIONS OF UNITED**<br><br>**STATES MAGISTRTE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the relevant records, and the attached Report and Recommendation of United States Magistrate Judge. After having made a de novo determination of the portions of the Report and Recommendation ("R&R") to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

Petitioner objects particularly to the R&R's statement that his September 6, 2024 felony DUI conviction in Orange County

Superior Court resulted in a 910-day jail sentence, when in fact Petitioner's felony DUI was resolved through a structured framework with the DUI Court pursuant to which he would serve only 90 days in Orange County Jail, followed by an "intensive" rehabilitative program, and then 90 days in "Supervised Electronic Confinement ('SEC') / home detention, with ordinary custody credits substantially reducing actual time served." (Objections at 1, 5; see R&R at 4). Petitioner complains that the immigration judge similarly referenced the incorrect 910-day jail sentence to justify a finding of dangerousness and deny bond, after the Board of Immigration Appeals ("BIA") had remanded for a reasoned explanation for the decision. (Objections at 1-5, Ex. A).

However, Petitioner does not dispute that when ICE detained him on September 8, 2024, he had accrued four separate DUI convictions within just the last two months – the last of which was a felony because of the several prior DUIs. That fact alone suffices, regardless of the length of his felony sentence. As the immigration judge remarked, "[d]riving under the influence 'represents a grave danger to the community and is a significant adverse consideration in bond proceedings.'" (Objections Ex. A at 2 (quoting In re Choc-Tut, 29 I. & N. Dec. 48, 50 (BIA 2025))). Therefore, the Magistrate Judge appropriately found that the number of these incidents within a short, recent period would at least reasonably support a finding of dangerousness. See, e.g., Perez v. Wolf, 445 F. Supp. 3d 275, 288-90 (N.D. Cal. 2020) (upholding IJ bond denial based on finding of dangerousness due to five DUI convictions); In re Siniauskas, 27 I. & N. Dec. 207, 209 (BIA 2018)

("Driving under the influence is a significant adverse consideration in bond proceedings.").

The Objections are overruled.

**IT IS ORDERED** that Judgment be entered denying the Petition and the *Ex Parte* Application and dismissing this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment on counsel for Petitioner and counsel for Respondent.

DATED: March 6, 2026

_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

3